LORING D. ROBINSON *vs.* WILLIAM C. HERSEY.

*Guardian's liability.*

A mechanic cannot maintain assumpsit against the guardian of a minor for labor performed upon the ward's buildings.

ON REPORT.

ASSUMPSIT for labor of the plaintiff and his apprentice in erecting certain buildings upon land in Stetson owned by certain minor children, of whom the defendant was the legal guardian.

The plaintiff claimed a lien on the buildings on which the work. was done, and offered a schedule and statement filed in the office of the town clerk of Stetson, Feb. 24, 1871.

The plaintiff testified to the performance of the work charged in the account; that the balance was due, and unpaid; that he made contract for labor with the defendant, who did not inform him, and the plaintiff did not know, that the defendant did not own the land on which the buildings were erected; that he did not know the contrary until after the work was done; that the defendant told the plaintiff while the work was progressing, that he thought he had money enough to finish the buildings, but did not state whose money it was.

The defendant controverted these facts, and claimed that he did

not notify the plaintiff that the land belonged to the wards, and that he was acting as their guardian.

The plaintiff contended that judgment should be entered against the property specifically.

The defendant contended that no such judgment should be entered.

Thereupon the case was reported to the full court; and if, in the opinion of the court, the fact that the plaintiff knew the defendant was acting as guardian, in making the contract, and knew also when it was made, and while erecting the building, that the land belonged to the defendant's wards is material, the action to stand for trial.

*J. F. Godfrey,* for the plaintiff.

*D. D. Stewart,* for the defendant.

TAPLEY, J.   The action in this case is confessedly one to recover for services performed for the benefit of certain minor children of the defendant, whose legal guardian he was.

The parties disagree as to whether the defendant contracted in his individual capacity or as guardian, and it is stipulated that if the fact the plaintiff knew he was contracting as guardian is material, the case must stand for trial.

We think this is quite material, for if he contracted as guardian it became a liability of his wards, and not one of his own, and this action cannot be maintained. *Raymond* v. *Sawyer,* 37 Maine, 406; *Homestead* v. *Loomis,* 53 Maine, 549; *Cole* v. *Eaton,* 8 Cush. 587.

As the plaintiff may never recover judgment against this defendant, it is unnecessary to discuss any question of lien.   If he proceeds against the defendant's wards, their estate is held as against them to satisfy the judgment, and if this defendant should not pay it from their estate, he is liable to the plaintiff on his guardian's bond. Same cases.                                    *Action to stand for trial.*

APPLETON, C. J.; CUTTING, WALTON, and BARROWS, JJ., concurred.