[No. 9,489. Department Two.—December 17, 1884.]

## IN THE MATTER OF THE ESTATE OF A. E. ROSE, DECEASED.

GUARDIAN AND WARD—CONTESTING ADMINISTRATOR'S ACCOUNT— GUARDIAN AD LITEM.—A guardian of the estate of minors has the right to appear and contest the account of an administrator in an estate where his wards are interested. The appointment of an attorney to represent the minors does not supersede the guardian's rights.

ID.—REVERSAL OF DECREE SETTLING ACCOUNT OF ADMINISTRATOR.—The reversal by the appellate court of a decree settling the account of an administrator sets aside such settlement, and thereafter any person interested in the estate may appear in the lower court and file exceptions to the account.

LXVI. CAL.—16.

Appeal from a judgment of the Superior Court of Kern County, settling the accounts of an administrator.

The facts are stated in the opinion of the court.

*Stetson & Houghton*, for Appellant.

*J. W. Freeman*, for Respondent.

*R. E. Arick*, for Administrator.

MYRICK, J.—Proceedings on settlement of an account of the administrator. W. B. Rose had been appointed guardian of the persons and estates of the three minor children of deceased. When the account came on for settlement, after the decision of this court on a former appeal, the guardian filed exceptions to items of the account, and asked to be heard in contesting them. The court refused to hear him, holding that he had no standing. This holding was had on the proposition that the letters of guardianship had been revoked, and the court had appointed an attorney to represent the minors. An order had been made, after petition and hearing, revoking the letters of guardianship as to the persons; as to the estate, no petition for revocation had been filed, no notice given, and no hearing had, but the court made an order revoking the letters as to the estates. In *in re Rose, ante*, opinion this day filed, we have held this to be error. The court had no power to revoke the letters under such circumstances. (§ 1801, Code Civil Proc.) The court made an order appointing an attorney to represent the minors. An attorney so appointed cannot take from a guardian the right to be heard. In this case there was a guardian of the estate of the minors (general guardian for that purpose, as distinguished from guardian *ad litem*), and such guardian was present, asking to be heard. Any person interested in the estate may appear and file his exceptions in writing to the account, and contest the same. (§ 1635, id.) The guardian of the estate of the minors was interested as such guardian. W. B. Rose was also interested, in that he held two claims for costs on prior appeals.

The respondent makes the point that the contestant should not be heard, because his objections to the account were not

filed until after the decision of the court on a former appeal. There is nothing in the point. After this court reversed the former order there was no settlement, because the reversal set aside that which had been supposed to be a settlement, and the matter stood in the court below for further proceedings; and under section 1635, Code Civil Procedure, any person interested might appear and file his exceptions. Order reversed, and cause remanded for further proceedings.

Ross, J., and MORRISON, C. J., concurred.

Hearing in Bank denied.