[No. 13926. Department Two. — January 30, 1891.]

O. T. JUSTICE, RESPONDENT, *v.* GEORGE T. OTT, GUARDIAN, ETC., APPELLANT.

ACTION ON NOTE — PARTIES — INCOMPETENT PERSON — GUARDIAN. — An action upon a promissory note made by an incompetent person cannot be maintained against his guardian, but should be brought against the incompetent person.

ID. — SERVICE OF SUMMONS — APPEARANCE OF GUARDIAN. — The summons in an action against an incompetent person must be served upon both the incompetent and his guardian; and it is then the duty of the guardian to appear and defend the action.

ID. — GUARDIAN AD LITEM. — If deemed expedient, the court may also appoint a guardian *ad litem* to represent the incompetent.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Wells, Guthrie & Lee,* for Appellant.

*W. T. Williams,* for Respondent.

BELCHER, C.—This is an action upon a promissory note. A personal judgment for the amount due on the note was entered against the defendant, Ott, by default, and from that judgment he appeals.

It is alleged in the complaint that Jesse Justice made and delivered to the plaintiff his promissory note for one thousand dollars, dated November 18, 1879, and payable five years after date, with interest; that plaintiff is still the owner and holder of the note, and that no part of the principal or interest thereof has been paid; "that on the —— day of May, 1888, by an order of the superior court duly made and entered, said defendant, George T. Ott, was appointed the guardian of the estate and person of said Jesse Justice, and that he is now such guardian; that on or about the eighteenth day of May, 1888, plaintiff demanded of said guardian the payment

of said promissory note, and the interest thereon, but said guardian refused to pay said note, or any part thereof"; wherefore the plaintiff prayed for judgment against the defendant, George T. Ott, as such guardian, for the principal and interest due on the note, amounting to two thousand four hundred dollars.

A summons was issued, addressed to "George T. Ott, guardian, etc.," and he was thereby notified that if he failed to appear and answer the complaint, the plaintiff would cause his default to be entered, and would take judgment against him for two thousand four hundred dollars, and costs of suit. The summons was served on the defendant personally, by delivering to him a copy thereof, and a copy of the complaint, but, so far as appears, no service was made on or notice given to Jesse Justice. The affidavit shows service on the defendant, and states the time but not the place of service.

On the twenty-third day after the defendant was served, the clerk of the court, by direction of the plaintiff's attorney, entered his default, and on the next day entered against him a personal judgment for the amount prayed for in the complaint.

It is very clear that this judgment cannot be sustained. The facts stated in the complaint do not show any personal obligation on the part of the defendant to pay the note. The obligation, if any, was on the maker, and the action should have been brought against him, though an incompetent, and not against his guardian. (*Brown* v. *Chase*, 4 Mass. 436; *Raymond* v. *Sawyer*, 37 Me. 406; *Robinson* v. *Hersey*, 60 Me. 225; *Coombs* v. *Janvier*, 31 N. J. L. 240; *Van Horn* v. *Hann*, 39 N. J. L. 207; *Steel* v. *Young*, 4 Watts, 459; *Fox* v. *Minor*, 32 Cal. 118; 91 Am. Dec. 566.)

If the action had been properly brought, the summons would have been served on both the incompetent and his guardian (Code Civ. Proc., sec. 411, subd. 4), and it would then have been the duty of the guardian to appear

and defend the action.  (*Gronfier* v. *Puymirol*, 19 Cal.
632.)  And if deemed expedient, the court might also
have appointed a guardian *ad litem* to represent the in-
competent.  (Code Civ. Proc., sec. 372.)

Other grounds for reversal are argued by counsel, but
they need not be considered.

For the reasons above stated, we advise that the judg-
ment be reversed, and the action dismissed.

HAYNE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the judgment is reversed, and the action dis-
missed.

Hearing in Bank denied.