[No. 14843. Department One. — August 2, 1892.]

## M. O'SHEA, RESPONDENT, *v.* N. R. WILKINSON, GUARDIAN, ETC., APPELLANT.

APPEAL — PRESUMPTION — JUDGMENT ROLL — CERTIFICATE OF CLERK. — Upon an appeal from a judgment, it will be presumed, in the absence of a showing to the contrary, that the pleadings, order overruling the demurrer, minutes of the court, findings, and judgment, contained in the transcript, and mentioned in the certificate of the clerk attached thereto as being correct, constitute the judgment roll; and it is not necessary that the certificate should also state that they constitute the judgment roll.

GUARDIAN AND WARD — ACTION — PARTIES — MISJOINDER OF GUARDIAN — DEMURRER. — A guardian cannot be joined with the ward as a party defendant, where the cause of action affects only the interests of the ward, and he may demur in such case on the ground that the complaint states no cause of action against him.

ID. — APPEARANCE OF GUARDIAN. — The guardian appears in the action simply to manage and take care of the interests of the ward or infant for whom he appears, and does not thereby become a party to the action.

ID. — EFFECT OF DISMISSAL AS TO WARD. — Where an action is brought against an incompetent person, who appears and answers by a general

guardian, and no attempt is made to charge the guardian in his individual capacity, a dismissal of the action as to the ward is in effect a dismissal of the action itself.

APPEAL from a judgment of the Superior Court of Kern County.

The facts are stated in the opinion of the court.

*C. C. Cowgill*, for Appellant.

*Ahern & Fay*, for Respondent.

PATERSON, J. — The transcript contains what purports to be copies of the pleadings, order overruling the demurrer, minutes of the court, findings, and judgment, with a certificate of the clerk attached, which states that they are correct, but does not say that they constitute the judgment roll. Respondent claims that we cannot consider matters contained in these papers without a certificate of the clerk that they are copies of the records which constitute the judgment roll. This contention cannot be sustained. The code specifies what documents shall constitute the judgment roll. Except in cases of default, it is made up by attaching together " the pleadings, a copy of the verdict of the jury or finding of the court or referee, all bills of exceptions taken and filed, and a copy of any order made on demurrer, or relating to change of parties, and a copy of the judgment." (Code Civ. Proc., sec. 670.) It is no part of the duties of the clerk to certify that the papers contained in the transcript constitute the record on appeal (Hayne on New Trial and Appeal, sec. 268), although it is the general practice, and is proper for the clerk in his certificate to state that the transcript contains a copy of the judgment roll. In the absence of a showing to the contrary, we must presume that the pleadings, order, findings, and judgment mentioned in the certificate are those which constitute the judgment roll. If they do not, it is an easy matter for the respond-

ent, upon suggestion of diminution of the record, to have
the transcript corrected here.

The complaint stated a cause of action against Agnes
Stine, an incompetent person, and the summons was
served upon her personally. She appeared and an-
swered by her general guardian, Wilkinson, on June 27,
1889. On December 13, 1889, the plaintiff filed an
amended complaint. On December 16th, by consent of
all parties, the action was dismissed as against the de-
fendant Agnes Stine, and on the same day a demurrer
was filed by Wilkinson, on the ground that the amended
complaint did not state facts sufficient to constitute a
cause of action. This demurrer was overruled, and there-
after Wilkinson filed an answer denying specifically the
allegations of the complaint.

The demurrer of Wilkinson to the amended complaint
ought to have been sustained; it stated no cause of ac-
tion against Wilkinson. The complaint showed on its
face that he was not the real party in interest. An ex-
ecutor, administrator, or trustee of an express trust, or a
person expressly authorized by statute, may sue or be
sued without joining with him the persons for whose
benefit the action is prosecuted; but a guardian does not
belong to any of these classes. The guardian appears in
the action simply to manage and take care of the inter-
ests of the infant when he is a party to the action, and
"is no more a party to the action than the attorney
who appears in an action for one who has attained his
majority is a party to the suit in which he enters his
appearance." (*Emeric* v. *Alvarado*, 64 Cal. 593; *Justice*
v. *Ott*, 87 Cal. 530.)

It is claimed by respondent that at most there was
but a defect of parties, an objection which was waived
by a failure to demur or answer on that ground. It is
not a case of a mere defect of parties; a dismissal as to
the ward was in effect a dismissal of the action itself,
because no attempt was made to charge the defendant
in his individual capacity, and he could not represent
his ward in the action unless she was a party thereto.

There is nothing upon which an amendment can be predicated, and the action must therefore be dismissed. (*Fox* v. *Minor*, 32 Cal. 111; 91 Am. Dec. 566.)

Judgment reversed, with directions to the court below to dismiss the action.

HARRISON, J., and GAROUTTE, J., concurred.