[No 18387.   Department Two.—March 20, 1895.

JAMES R. DIXON, AS GUARDIAN, ETC., RESPONDENT, *v.* HENRY GRIES, ET AL., RESPONDENTS, ANTONIO J. CARDOZO, APPELLANT.

PARTIES—SUBSTITUTION OF GUARDIAN OF INSANE PLAINTIFF.—Where, after the commencement of an action, the plaintiff has become insane, it is error to substitute his guardian as sole plaintiff, but the suit should be prosecuted in the name of the plaintiff, as an insane person, by his guardian.

ID.—EFFECT OF APPOINTMENT OF GUARDIAN.—The appointment of a guardian of an insane person does not vest in him a cause of action in favor of the insane person, nor deprive the latter of his right or property therein.

ID.—DEMURRER TO COMPLAINT—SUPPORT OF JUDGMENT.—The complaint must show a cause of action in the plaintiff, and, if it does not, a general demurrer will lie, and a judgment in favor of the plaintiff cannot be supported.

ID.—ORDER SUBSTITUTING GUARDIAN—DISMISSAL OF ACTION.—An order substituting the guardian of an insane plaintiff, though erroneous, is not intended as a dismissal of the action as to the incompetent plaintiff, and should not be given that effect.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*Horace Hawes*, for Appellant.

*Stuart S. Wright*, for Respondent Dixon.

*J. P. Meux*, for respondent Gries.

*S. N. Griffith*, respondent in *propria persona*.

HAYNES, C.—This action was originally brought by H. S. Dixon, to foreclose a mortgage made by Henry Gries. The other defendants were subsequent grantees of the mortgaged premises. After the commencement of the action the plaintiff, H. S. Dixon, became insane, and J. R. Dixon was appointed the guardian of his person and estate, and, upon motion, the court made the following order: "It is ordered that J. R. Dixon, as

guardian of the person and estate of H. S. Dixon, plaintiff herein, be and he is hereby substituted as plaintiff herein, in the name, place, and stead of H. S. Dixon."

Thereupon a second amended complaint was filed, entitled " *J. R. Dixon, as guardian of the person and estate of H. S. Dixon, an insane person,* v. *Henry Gries, S. N. Griffith, and Antonio J. Cardozo.*"

To this complaint a general demurrer was filed by defendants and overruled by the court. This complaint contained no averment of the insanity of H. S. Dixon, nor of the appointment of a guardian. At the conclusion of the trial the plaintiff was permitted to file amendments to said second amended complaint, to conform to the proof, and amendments were thereupon filed alleging such insanity and the appointment of the plaintiff as guardian, and thereupon findings were made for plaintiff, and a decree entered foreclosing the mortgage.

Defendants appeal from the judgment upon the judgment-roll.

The demurrer should have been sustained to the second amended complaint; nor were all its defects cured by the amendments to make it conform to the proof. The first error was in the order substituting the guardian as plaintiff. His appointment as guardian did not vest the cause of action in him. It is not sufficient that the complaint states facts showing a cause of action in somebody; it must show a cause of action in the plaintiff, or a general demurrer will lie. H. S. Dixon was not deprived of his right or property in the cause of action by his insanity, nor did it vest in his guardian upon his appointment. The suit should have been prosecuted in the name of H. S. Dixon, an insane person, by J. R. Dixon, his guardian. (See *Fox* v. *Minor,* 32 Cal. 116; 91 Am. Dec. 566; *Wilson* v. *Wilson,* 36 Cal. 451; 95 Am. Dec. 194; *Karr* v. *Parks,* 44 Cal. 48; *Emeric* v. *Alvarado,* 64 Cal. 593; *Justice* v. *Ott,* 87 Cal. 530; *O'Shea* v. *Wilkinson,* 95 Cal. 454.) Therefore, neither the complaint,

nor the facts found, support the judgment, and it must be reversed.

Appellants contend not only that the judgment should be reversed, but that the action should be dismissed, and cite *Fox* v. *Minor, supra,* and, *O'Shea* v. *Wilkinson, supra.* In *Fox* v. *Minor, supra,* the suit was begun in the name of Fox, as guardian. In *O'Shea* v. *Wilkinson, supra,* the suit was begun against the incompetent as defendant. She appeared and answered by her guardian. Afterward the plaintiff filed an amended complaint, and three days later dismissed the action against the incompetent, and the guardian, then standing as sole defendant, demurred, the demurrer was overruled, and plaintiff had judgment. In this court the judgment was reversed, with directions to dismiss the action. In that case there was no alternative but to dismiss, as the plaintiff had voluntarily dismissed the action as to the incompetent, who was the real party, and without whom the action could not proceed.

Such a result should be avoided, if possible, not only because of the expense and delay, but because it might result in the entire loss of meritorious claims through the operation of the statute of limitations. In this case I think the action should not be dismissed, and that this result may be reached without raising a conflict with the cases cited. This action was properly commenced by H. S. Dixon in his own name before he became insane, and was not dismissed. The order *substituting* the guardian as plaintiff was erroneous, but was not intended as a dismissal of the action as to the incompetent, and should not be given that effect.

I advise that the judgment be reversed, and the cause remanded, with directions to amend the said order to the effect that, it appearing to the court that since the commencement of the action the plaintiff had been adjudged to be insane, and that J. R. Dixon had been appointed the guardian of his person and estate, it is ordered that in all further proceedings in the action the

incompetent plaintiff appear and be represented by his said guardian.

The plaintiff should also have leave to reform the complaint so as to conform thereto and to this opinion, and that a new trial be granted.

VANCLIEF, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment appealed from be reversed, with directions to amend the proceedings to conform to said opinion, and that a new trial be granted.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.