[S. F. Nos. 881, 882. Department Two.—January 11, 1898.]

In the Matter of the Estate of ANN CALLAGHAN, Deceased.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—PRETERMITTED HEIR—CONSTRUCTION OF STATUTE—FAILURE OF APPARENT PROVISION IN WILL—PAROL EVIDENCE INADMISSIBLE.—The failure of an apparent provision in the will of a testatrix for the issue of a deceased child, by reason of the testatrix having parted with land devised to them, is not an "omission to provide," within the meaning of section 1307 of the Civil Code; and upon petition of the grandchildren for a partial distribution of other estate of the testator, claiming as pretermitted heirs, parol evidence is inadmissible to show that the land devised to them was not owned by the testatrix at the time of the making of the will, or at the time of her death, and that the grandchildren had never received any part of the estate of the testatrix by way of advancement.

ID.—OBJECT OF STATUTE—FORGETFULNESS OF TESTATOR—MENTION IN WILL—MISTAKE NOT TO BE REFORMED.—The object of the statute in regard to pretermitted heirs is not to compel the testator to make provision for any child, but solely to protect the children against forgetful

omission or oversight, and the failure to allude to them in the will is made evidence that they were omitted through forgetfulness of their existence; but when they are present to the mind of the testator, the statute affords no protection if provision is not made for them, and the fact that they are mentioned by the testator in the will is conclusive evidence that they were present to his mind; and, in such case, no mistake in the will in apparently, but not really, providing for them, can be reformed or corrected after the death of the testator; and parol evidence to show such mistake is inadmissible, where there is no question of imperfect description or identity of either the persons or property mentioned in the will.

ID.—APPEAL BY GUARDIAN OF MINORS—PARTIES—QUESTION UNDECIDED.—The question whether an appeal can be properly taken in the name of a guardian of minor children as trustee of an express trust, or whether such appeal must be taken in the name of the ward, not decided; but held, by Mr. Justice Temple, that such an appeal must be taken in the name of the ward, and should be dismissed, when taken in the name of the guardian.

APPEAL from orders of the Superior Court of the City and County of San Francisco, granting petitions of respondent and denying the petition of appellants for partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, for Appellants.

Bishop & Wheeler, Knight & Heggerty, James H. Creely, and W. S. Wood, for Respondents.

McFARLAND, J.—The estate of Ann Callaghan, under administration in the probate court, being in a condition to warrant a partial distribution, petitions for such partial distribution were filed by Daniel T. Callaghan, son of the decedent, and Mary A. Bailey, daughter of the decedent, and certain of said Mary's children. Said Daniel and Mary were the only surviving children; and the petitions for distribution excluded any interest of Bertha Callaghan and Josephine Callaghan, who were grandchildren of the decedent and minor children of Sherwood Callaghan, who was the son of the decedent and died during her lifetime. These two grandchildren, Bertha and Josephine, filed oppositions to said petitions for distribution; and they also filed a petition for distribution, in which they claimed that a certain interest in the estate should be distributed to them. The probate

court granted the petition of Daniel T. Callaghan and Mary A.
Bailey and others, and denied the petition of said grandchildren,
who appeal from the order granting the former petition, and also
from the order denying their petition. The appeals are brought
here in two separate transcripts, numbered 881 and 882; but as
the same question arises in each case, the two appeals may be con-
sidered together.

The decedent, Ann Callaghan, left a will, and the question
here involved arises out of such will. The appellants contend
that she omitted to provide for them in her will, and that there-
fore they are entitled to the same share in her estate which they
would have had if she had died intestate, under section 1307 of
the Civil Code. That section is as follows: "When any testator
omits to provide in his will for any of his children, or for the
issue of any deceased child, unless it appears that such omission
was intentional, such child, or the issue of such child, must have
the same share in the estate of the testator as if he had died
intestate, and succeeds thereto as provided in the preceding sec-
tion." By the will nearly all the property of the deceased, with
the exception of a few legacies, is given to her said son Daniel T.
and her daughter Mary A. Bailey, and her children, and the fifth
subdivision of the will is as follows: "Fifth. I own six acres of
land, more or less, in Alameda, Alameda county, state of Cali-
fornia. Said land I give, devise, and bequeath to Bertha and
Josephine, the two children of Sherwood Callaghan, to be held
and enjoyed by them during their lives and the life of the sur-
vivor of them; and in case of their death, leaving issue, then to
such issue, share and share alike, according to representation.
But, in case the said Bertha and Josephine die without issue,
then said property shall revert to my son, Daniel Callaghan, and
my daughter, Mary Bailey, share and share alike." This is the
only mention made in the will of the grandchildren, Bertha and
Josephine. Upon the trial of the petitions in the court below,
the appellants offered to prove that the testatrix did not own any
land in Alameda county at the time the will was made, or there-
after up to the time of her death, and that the estate did not
own or claim to own any land in said county; that the testatrix
once owned a tract of twenty-five acres in Alameda county, but
had sold and conveyed the same to one Hawley before the mak-

ing of the will, and had never owned or claimed to own any land in said county other than that so sold to Hawley; and that said grandchildren had never received any portion of the estate of testatrix in her lifetime by way of advancements. This offered evidence was objected to by respondents upon the ground that it was irrelevant, immaterial, etc., and the objection was sustained and exception reserved. These offers, rulings, and exceptions present the question here involved, viz., whether the will omitted to provide for appellants within the meaning of said section 1307.

We think that the rulings of the court below were correct. The words "omits to provide," as used in said section, mean simply an omission to make a provision in the will, and has no reference to the pecuniary value of such provision. It is apparent that the code provision in question expresses no intent to in any way limit the disposing power of a testator, or compel him to provide for any child; for it clearly provides how the testator may decline to give any thing to any such relative. This being so, what is the object of the provision? Nearly all the states have provisions substantially the same as that here under consideration; and, as such a provision is not intended as a limitation of the power of a person to dispose of his property by will, it has been uniformly held that the provision applies only to a case where a child or descendant is unknown or forgotten, or for some reason unintentionally overlooked. "The object of the statute was to guard the testator against the effect of a mistake in providing for some of his children to the exclusion of others, through forgetfulness of their existence, or in otherwise disposing of his property in such forgetfulness, and the failure to allude to them is made evidence that they were so forgotten." (*McCourtney v. Mathes*, 47 Mo. 533.) In the case of *Payne v. Payne*, 18 Cal. 291, the exact provision as it now stands in the code was under review, and Field, C. J., speaking for the court, said: "The children are mentioned three times in the codicil, showing that they were in the mind of the testator at the time, and not overlooked in the disposition of his property. And the only object of the statute is to protect the children against omission or oversight, which not infrequently arises from sickness, old age, or other infirmity, or peculiar circumstances under which the will is executed. When, however, the children are present in the mind of

the testator, and the fact that they were mentioned by him is conclusive evidence of this, the statute affords no protection if provision is not made for them." We do not see any controlling force in the suggestion, made by appellants, that in section 1307 the word "mentioned" is not used, while it is used in certain preceding sections; the omission of that word does not change the purpose and intent of the section as above declared. An argument similar in character to this is fully answered by the court, through Crockett, J., in the case of *In re Garraud*, 35 Cal. 342. In the case at bar, the appellants were not only mentioned, but an express specific provision was made for them in the body of the will, and there can therefore be no pretense that they were unknown, forgotten, or unintentionally overlooked.

The only purpose of the evidence offered by appellants and rejected by the court was to show, not that the appellants had been forgotten or overlooked, or not expressly provided for, but that the provision made for them was a mistake of the testator. It is not by any means clear that such evidence, if admitted, would have established such a mistake; the testatrix may have known that she had no land in Alameda county, and may have intended thus to dispose of the hopes of her grandchildren, and it is admitted that her declarations could not have been introduced to show a different intent. But the most that appellants can claim is, that the evidence would have shown a mistake; and it is established law that after the death of a testator a mistake in his will cannot be corrected, nor can the will be reformed or remodeled. "No bill in equity lies to reform a will, because its author is dead, and his intent can only be known from the language he has used." (*Patch v. White*, 117 U. S. 219.) "It is not here attempted to reform the instrument so as to make it speak really the intentions of the testator. No court can do this." (3 Redfield on Wills, 49.) The evidence offered by appellant was therefore properly excluded. Of course, where in a will there is an imperfect description of either person or property, the description may be made more certain when it can be done either from the context of the will or from extrinsic evidence; and such is the meaning of section 1340 of the Civil Code, relied on to some extent by appellants. But in the case at bar there was no imperfect description of either the persons or the property mentioned in the will.

The appellants were expressly named in the will, and there is no doubt that they were intended; and there is no question made as to what tract of land in Alameda county was intended. It is not contended that, either by extrinsic evidence or otherwise, the description of the property mentioned in the will could be made to apply to any other tract of land; and appellants do not claim any other particular piece of land. The case is, therefore, materially different from *Patch v. White, supra,* cited by appellants. That case was an action of ejectment in which the plaintiff claimed title to the lot of land in contest under a devisee in a certain will; the question was whether or not the lot was the one devised to plaintiff's grantor; and the court, by a bare majority, four justices dissenting, held that there was a latent ambiguity, and that parol evidence was admissible to show that an imperfect description in the will should be applied to the lot in contest. No such question arises in the case at bar.

The above views make it unnecessary to consider the contention of respondents that these appeals are improperly taken in the name of the guardian of the grandchildren.

The orders appealed from are affirmed.

Henshaw, J., concurred.

TEMPLE, J., concurring.—I concur in the opinion, but I think the appeal should be dismissed. The guardian may appear and prosecute or defend actions for his ward, but under our code must do so in the name of his ward. Section 369 of the Code of Civil Procedure expressly authorizes administrators and executors to sue as though trustees of an express trust. In some states this same privilege is awarded to guardians, but our code provides (Code Civ. Proc., sec. 373) that a ward shall himself be a party to a suit which shall bind his estate.

It has been held in some jurisdictions, where there is no special statutory provision upon the subject, that a guardian can maintain an action in his own name upon an obligation made by himself as guardian, and also that as to such contracts he may be sued. Such cases also hold that he is the owner of and personally liable on such contracts and only liable to account in reference to them as trustee of his ward. In case of his death, such choses

in action go to his representatives. (*Chitwood v. Cromwell*, 12 Heisk. 658.)

Whether in the probate court the guardian should appear to object to proposed distribution in his own name as guardian or in the name of his ward was immaterial, but no one can appeal from a judgment except the parties to it, or those in privity with the parties. And even as to parties the record must show that their interests are or may be affected by the judgment.

The subject will be found fully considered in 9 Encyclopedia of Pleading and Practice, 929. (Also, Schouler's Domestic Relations, sec. 343, note. See, also, *Fox v. Minor*, 32 Cal. 112; 91 Am. Dec. 566; *Wilson v. Wilson*, 36 Cal. 451; 95 Am. Dec. 194; *Justice v. Ott*, 87 Cal. 531; *O'Shea v. Wilkinson*, 95 Cal. 454; *Dixon v. Cordozo*, 106 Cal. 506.)

In *In re Rose*, 66 Cal. 241, this question was not raised. The question there was whether the general guardian or the attorney appointed by the probate judge to represent the minor should appear for the minor in the probate court. Nothing is there said as to the propriety of the appeal taken in the name of the guardian, and the record does not show that any objection was made on that ground. Under such circumstances, we cannot presume that it was intended to overrule other decisions upon this question without noticing them.

The guardian was not in privity with his ward, nor is he a person interested. The judgment was not for or against him, but if he can appeal in his own name he is thereby made a party, and the judgment here would be for or against him. This is in violation of the code, which provides that in such cases the ward shall be the party, although he must appear by guardian.

I also concur in the judgment.

Hearing in Bank denied.