[Civ. No. 3611. First Appellate District, Division One.—February 24, 1921.]

## CORA A. WESTPHAL, as Guardian, etc., Respondent, v. J. A. ARNOUX, Appellant.

[1] EJECTMENT — SEIZIN WITHIN FIVE YEARS — SUFFICIENCY OF EVIDENCE.—In an action in ejectment to determine the ownership and right of possession of real property, which was distributed to the plaintiff in the administration of the estate of her deceased mother, the requirement of section 318 of the Code of Civil Procedure of seizin or possession within five years before the commencement of the action was properly satisfied when it was established that the plaintiff in consequence of the death of her mother had been invested with the legal title, and the burden was thereupon cast upon the defendant to dissipate such presumption by showing that he had held and possessed the property adversely to such legal title for five years before the commencement of the action.

[2] ID.—ADVERSE POSSESSION—INFANCY OF PLAINTIFF—RUNNING OF STATUTE OF LIMITATIONS.—Where in an action of divorce, the wife died before the judgment therein determining the real property involved to be her separate property had become final, the husband in an action of ejectment against him by the minor daughter of the deceased cannot set up adverse possession, since the running of the statute of limitations was interrupted during the litigation between the husband and wife and did not run against the minor after her inheritance of the property in view of her minority.

[3] PLEADING—PARTIES—ACTION BY MINOR—WAIVER OF INFORMALITY. An action by a minor should be brought in the name of the minor by guardian, but the failure to thus entitle the action is waived and cannot be raised for the first time on appeal, where no objection is made in the trial court and the case is tried on the theory that the pleadings are of such form and substance as to properly frame the issues that are actually tried.

APPEAL from a judgment of the Superior Court of Fresno County. M. F. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Vincent Surr and Harry M. McKee for Appellant.

Ernest E. Klette and Manning & Thompson for Respondent.

BARDIN, J., *pro tem.*—This is an action wherein there is involved the question of the ownership of a parcel of land in Fresno County. The complaint, drawn in the usual pattern of an action in ejectment and for mesne profits, alleged ownership and right to possession in the plaintiff of the real property referred to. The defendant, by way of answer, controverted the plaintiff's allegations of ownership and right of possession, and pleaded, in bar of recovery, the statute of limitations and also by cross-complaint asserted ownership in himself of said real property by reason of his adverse possession thereof.

The plaintiff was successful at the trial and the defendant has appealed from the judgment.

The controversy now before the court is the outgrowth of marital differences and litigation between the defendant and his now deceased wife, involving the title to the same parcel of land. Arnoux was married in the year 1907 to Anna Lawrence, a widow and the mother of Agatha Lawrence, then a child of five years of age and the ward in whose behalf the present action was begun. Four years later, for a sufficient consideration, he conveyed the said property to his spouse. In March of 1913 he filed an action against his wife for the annulment of their marriage, and sought in the same action the decree of the court canceling the said deed and re-investing him with title to the said property. The prayer of his complaint was predicated upon the allegations that Mrs. Arnoux had committed a fraud upon him by pretending to be a widow at the time of their marriage and that, believing her to be his lawful wife, he had made the said transfer of property to her. Mrs. Arnoux denied these allegations and filed her cross-complaint seeking, not only a decree of divorce, but also a decree in legal effect quieting her title to the said property. Upon the issues thus joined the parties went to trial, and the resulting judgment granted neither an annulment of the marriage nor a divorce; but the judgment which was entered on March 9, 1914, did determine that the real property there involved was the separate property of the wife and upheld the validity of the deed.

No appeal from the judgment was ever taken, and on March 12, 1915, a motion for a new trial was denied. Meanwhile, on May 6, 1914, Mrs. Arnoux died testate, and on

July 8, 1917, there was distributed to Agatha Vivian Lawrence the premises here involved.

[1] The present action was commenced on September 15, 1919. At the trial the defendant sought to invoke, in aid of his defense to the action, the provisions of section 318 of the Code of Civil Procedure, under the theory that neither Agatha Lawrence, nor her mother, had been seised or possessed of the property in question within five years before the commencement of the present action on September 15, 1919.

While it is true that before the plaintiff could be permitted to prevail, it was necessary that it be made to appear that either Agatha Lawrence or her mother was seised or possessed of the property in question within five years before the commencement of the action (sec. 318, Code Civ. Proc.), yet this requirement was properly satisfied when it was established that Agatha Lawrence, in consequence of the death of her mother, had been invested with the legal title. And when that fact was made to appear, as it was, by the stipulation of the parties, the burden was thereupon cast upon the defendant to dissipate such presumption by showing that he had held and possessed the property adversely to such legal title for five years before the commencement of the action. (Sec. 321, Code Civ. Proc.)

During the course of the trial the defendant undertook to show facts tending to support the affirmative allegations of his answer and cross-complaint having relation to the nature of his hostile possession of the premises in suit.

Objection to this line of testimony was sustained by the court upon the theory that the action between Mr. and Mrs. Arnoux had the legal effect of interrupting the statute of limitations, and that no period of time, either antecedent to the finality of judgment in that case or subsequent thereto, could be made available to defendant either in support of the bar of the statute of limitations or of his claim to title by adverse possession.

It must be remembered that pending the hearing of the motion for a new trial, and less than two months after the rendition of judgment, Mrs. Arnoux became deceased, leaving as her sole heir and descendant Agatha Lawrence, a minor.

[2]   It is, of course, true that if the possession of the ancestor had been invaded before death, the statute of limitations, thus set in motion, would not be suspended in favor of a minor taking title from such ancestor, but would continue to run against the minor. (*McLeran* v. *Benton,* 73 Cal. 329, [2 Am. St. Rep. 814, 14 Pac. 879] ; *Alvarado* v. *Nordholt,* 95 Cal. 116, [30 Pac. 211] ; *Castro* v. *Geil,* 110 Cal. 292, [52 Am. St. Rep. 84, 42 Pac. 804].)   But where the ancestor died before her rights were invaded the minor might commence her action within the period prescribed by the statute (sec. 328, Code Civ. Proc.) after the removal of disability.

That the litigation between the two spouses had the effect of interrupting the statute of limitations seems clear. (*Gower* v. *Quinlan,* 40 Mich. 572; *Oberein* v. *Wells,* 163 Ill. 101, [45 N. E. 294].)   While the husband may have been in the physical possession of the premises, asserting some sort of dominion over it, for the requisite time, he was not, during the period of the litigation between the spouses, in the peaceable and undisputed possession thereof. (*Estate of Richards,* 154 Cal. 478–488, [98 Pac. 528] ; *Read* v. *Allen,* 56 Tex. 176–180.)   The title and every incident of ownership, including the right of possession, were being then actually litigated in court.   And as the statute of limitations would not begin to run against the rights created by the judgment rendered in favor of the wife and vesting the real property in her as her separate property, until that judgment had become a final determination of the controversy between the parties litigant (*Kirsch* v. *Kirsch,* 113 Cal. 56, [45 Pac. 164] ; *Feeney* v. *Hinckley,* 134 Cal. 467, [86 Am. St. Rep. 290, 66 Pac. 580]), and as the day on which the judgment did become a final determination found the mother deceased and Agatha Lawrence still a minor and within the protection of section 328 of the Code of Civil Procedure, the trial court was right in its conclusion that the defendant must of necessity fail in his affirmative defense and upon his cross-complaint.

In *Kirsch* v. *Kirsch, supra,* as in this case, the husband and wife became involved in litigation affecting their marital relation and the title to certain real property standing in the name of the wife and which she claimed as her separate

property, but which subsequently was awarded to the husband on the theory that it was community property. The wife appealed from the judgment, entered in 1887, and remained in possession of the property. The judgment was affirmed in 1890. A writ of assistance to recover possession of the real property was granted to the husband in 1893, and from the order granting the writ an appeal was taken, in which appeal it was claimed by the wife that she had, subsequent to the entry of the judgment and prior to the issuance of the writ of assistance, acquired a new title to the real property by adverse possession. In denial of this claim the court held that the original action was pending until 1890, when the judgment became final by the affirmance of that court, "and while it was pending she could not acquire title by adverse possession since, during the pendency of the appeal, all rights under the judgment were suspended. As Kirsch, while the appeal was pending, could enforce no rights under the judgment, *per contra,* the possession of the wife during that period could not be held to be adverse to her husband."

Whether or not Arnoux and his wife were living separate and apart at any time following their marriage does not appear. No suggestion has been made, however, that the husband was precluded, on account of coverture, from invading the possession of the wife of said real property (*Madden* v. *Hall,* 21 Cal. App. 541, [132 Pac. 291]), and because the point has not been raised, we have refrained from discussing that question.

[3] This action was brought by Cora A. Westphal, as guardian of the estate and person of Agatha Lawrence. The point is now raised, and for the first time, that the suit should have been brought in the name of the minor, by her guardian. That the minor should have been named as the plaintiff cannot be questioned. (*Fox* v. *Minor,* 32 Cal. 111–117, [91 Am. Dec. 566]; *Justice* v. *Ott,* 87 Cal. 530, [25 Pac. 691]; *O'Shea* v. *Wilkinson,* 95 Cal. 454, [30 Pac. 588]; *Dixon* v. *Cardozo,* 106 Cal. 506, [39 Pac. 857].)

But the record shows that neither in the pleadings nor in the evidence, nor in any part of the proceedings below, did the defendant make any objection in the behalf now stated, nor so much as allude to the error which it is now

claimed is fatal to the judgment. We are well satisfied that this belated objection cannot now be interposed, for, notwithstanding the defect in naming the guardian as plaintiff, the case was actually tried on the theory that the minor was the real party in interest and that it was the minor's title and interests that were being actually litigated. The answer of defendant admits that Agatha Lawrence was a minor, and that Cora A. Westphal had been duly appointed the guardian of her person and estate, and had qualified as such; it denies that any damage resulted to said minor. It contains the averments that the hostile possession of defendant was known by said minor, and that the claim and possession of defendant commenced before said minor claimed any interest in the premises in controversy. The cross-complaint of defendant contains the following introductory language: "And for a further defense to the complaint of plaintiff filed herein, and for a cross-complaint, the defendant herein complains of Agatha Lawrence, the said minor, and of Cora A. Westphal, as Guardian of the person and estate of said Agatha Lawrence . . . , " and prays that the title of defendant be quieted against "said plaintiff and said minor." In the stipulation of counsel during the course of the trial as to certain facts, Agatha Lawrence was referred to as "the claimant in this action."

This case, having been tried upon the theory that the pleadings were of such form and substance as to properly frame the issues that were actually tried, comes well within the rule "that where a case is tried upon the theory that the issues are properly joined in the trial court, and no objection or exception is taken there, it is too late to raise such objections here." (*Kirsch* v. *Kirsch,* 83 Cal. 633, [23 Pac. 1083]. See, also, *People* v. *Reis,* 76 Cal. 269, [18 Pac. 309]; *Haines* v. *Stillwell,* 5 Cal. Unrep. 27, [40 Pac. 332]; *Hill* v. *Nerle,* 29 Cal. App. 473, [156 Pac. 981].)

We construe the judgment to be in favor of Agatha Vivian Lawrence (known also as Agatha Lawrence), who was treated as, and who, for the purpose of giving effect to said judgment, must be held to be, the real plaintiff in the action.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 25, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 25, 1921.

All the Justices concurred.