[Civ. No. 1541. Fourth Appellate District.—January 29, 1935.]

POLLY LOOCK, Guardian, etc., Plaintiff and Appellant, v. PIONEER TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent; POLLY LOOCK et al., Interveners and Appellants.

T. T. Clark for Appellants.

Robert Mack Light for Respondent.

MARKS, J.—Polly Loock and Henning Loock, Sr., are the divorced parents of Henning Loock, Jr., who is a minor under the age of fourteen years. The parents entered into a property settlement agreement which was approved in the decree of divorce. The custody of the minor was given to the mother. The property settlement agreement contained the following provision: "In the event of the sale of the property described herein as Parcel 1, the second party is to place Five Thousand ($5,000.00) Dollars of the proceeds thereof in some reliable bank or Trust Company, in trust, for the education of said minor child. It is agreed that disbursements may be made from said trust fund by the legally appointed guardian of said minor child, under court order."

The sum of five thousand dollars was delivered to the Pioneer Title Insurance Company and a declaration of trust executed by it, as trustee, and Polly Loock as trustor with Henning Loock, Sr., joining therein. The minor was named as beneficiary. This instrument provided that the money be invested by the trustee; that the income and such part of the principal as might be necessary, when ordered by court, be paid to the guardian of the minor during his minority for his education; that after majority the payments be made at such times and for such purposes as ordered by court; and further, that after it shall have been determined by order of court that the education of Henning Loock, Jr., has been completed, the unexpended portion of the *corpus* of the trust be returned to Polly Loock.

Polly Loock was appointed guardian of the person and estate of the minor. She applied to the probate court and obtained an order permitting her to invest part of the guardianship funds in an apartment house. The order also authorized her to execute notes in part payment of the purchase price. She demanded payment of the *corpus* of the trust to her and upon the refusal of the trustee to deliver the funds she instituted this action to cancel the declaration of trust.

Her action was entitled "Polly Loock, guardian of the estate of Henning Loock, Jr." A complaint in intervention was filed by Polly Loock and Henning Loock, Sr., which closely followed the allegations of the amended complaint. A study of these pleadings, which are most inartistically drawn, shows that the principal ground upon which the cancellation of the declaration of trust is asked is that the parents of the minor did not understand its legal effect at the time it was executed. Both pleadings pray that the trust estate be paid to the guardian of the minor.

General and special demurrers were filed to both pleadings. Among the grounds of special demurrer is the following: "There is a defect of parties defendant in this that in said amended complaint plaintiff seeks to strip from the minor Henning Loock, Jr., the rights, remedies, and protections of a trust created directly and expressly for his benefit, but said minor is not before this court otherwise than in the person of plaintiff herself whose interest is openly hostile to such rights, remedies and protections." Other grounds of demurrer are well taken, but as the foregoing controlled the trial court in its final disposition of the case it will receive our attention.

The demurrers were argued and submitted on September 26, 1933. At that time a minute order was made appointing J. W. Bishop guardian *ad litem* of Henning Loock, Jr. On October 2, 1933, a formal order was signed which recited that Henning Loock, Jr., was a necessary party to the action and that it was expedient that he have a guardian *ad litem* appointed to represent him; that J. W. Bishop be appointed as such guardian *ad litem;* that plaintiff and interveners amend their pleadings to make the minor a party defendant and that summons be issued on the amended pleadings and served on J. W. Bishop within ten days. On October 7, 1933, plaintiff filed a "motion" to vacate the order appointing the guardian *ad litem* and the order requiring the amendment of the pleadings, and making the minor a party defendant. On October 14, 1933, the interveners filed a similar "motion". The two motions came on for hearing on October 16, 1933. Both motions were denied and both demurrers were sustained. The trial judge then asked counsel for plaintiff and interveners if their plead-

ings were to be amended in accordance with the prior order. The court was informed by counsel for these parties that he could not do this and protect the rights of his clients; that he must respectfully decline to amend the pleadings making Henning Loock, Jr., a party defendant; that for such reasons the amendments would not be made. The trial judge thereupon dismissed the action both as to plaintiff and the interveners.

Plaintiff and interveners filed separate notices of appeal from (1) The order appointing the guardian *ad litem;* (2) the orders sustaining the demurrers; (3) the orders denying motions to vacate the order requiring plaintiff and interveners to make the minor a party defendant; (4) the order dismissing the action; (5) from the judgment.

None of the orders appealed from were made after judgment. They are not appealable orders. (Sec. 963, Code Civ. Proc.) The attempted appeals therefrom are dismissed.

Although two notices of appeal were given the case comes before us on a single typewritten "Clerk's Transcript", and without any order permitting such procedure, or stipulation waiving defects. It contains many documents not properly a part of such a transcript, including a typewritten copy of a purported bill of exceptions. This "Clerk's Transcript" does not conform to the rules of court nor to the requirements of the code for preparing a record on appeal. No motion to dismiss the appeal has been made.

It has been repeatedly held that an action brought on behalf of a minor who has a general guardian must be brought in the name of the minor by the guardian. (13 Cal. Jur. 187, and cases cited.) Where the guardian sues, simply describing herself as guardian and the ward is not named as a plaintiff, it has been held that the action is that of the guardian and not the ward. (*Fox* v. *Minor,* 32 Cal. 111 [91 Am. Dec. 566] ; *Dixon* v. *Cardozo,* 106 Cal. 506 [39 Pac. 857].) Plaintiff seeks to escape the results of this rule under authority of *Westphal* v. *Arnoux,* 51 Cal. App. 532 [197 Pac. 395]. In that case the action was brought in the name of the guardian. It was tried upon the theory that the minor was the plaintiff and as the question was not raised in the trial court the District Court of Appeal did

not permit it to be raised for the first time on appeal. Such is not the case here. The foundation of the court's ruling, in question here, was the fact that the minor was not a party to the action.

■ It is evident that the minor was a necessary party. He was the beneficiary under a trust which provided for his support and education. The purpose of the action was to dissolve the trust. It directly affected the interest of the minor. It is true that the plaintiff was his guardian. The interveners, parents of the minor, sought also to destroy the trust. The mother in her individual capacity was seeking to revoke the declaration of trust. In her position of general guardian she was in no position to oppose her individual suit and protect the minor. Under such circumstances it was highly proper that a guardian *ad litem* be appointed to protect the interest of the minor. (*Townsend* v. *Tallant,* 33 Cal. 45 [91 Am. Dec. 617]; *Justice* v. *Ott,* 87 Cal. 530 [25 Pac. 691]; *Estate of Snowball,* 156 Cal. 235 [104 Pac. 446].)

■ The trial court may on its own motion order that parties necessary to the determination of an issue be brought in, and that necessary amendments to the pleadings be made to accomplish this purpose. (Sec. 389, Code Civ. Proc.; *Young* v. *New Pedrara Onyx Co.,* 48 Cal. App. 1 [192 Pac. 55].) ■ Where a plaintiff refuses to conform to an order directing him to amend, his action may be dismissed. (*King* v. *Montgomery,* 50 Cal. 115.)

The right of the trial court to appoint a guardian *ad litem* before service of summons was made on the minor, is in question here. (*Redmond* v. *Peterson,* 102 Cal. 595 [36 Pac. 923, 41 Am. St. Rep. 204].) As the judgment dismissing the action must be affirmed, the question of the regularity of the appointment of the guardian *ad litem* becomes moot, and it is not necessary for us to determine whether the Redmond case is controlling in view of the recent amendments to sections 372 and 373 of the Code of Civil Procedure, nor whether we could review the question on the imperfect record before us. (*Neilson* v. *Walker,* 105 Cal. App. 23 [286 Pac. 1091].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 26, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1935.