[Civ. No. 19586.   Second Dist., Div. Three.   Nov. 24, 1953.]

BARBARA RUTH WARNER, Appellant, v. PACIFIC TELEPHONE AND TELEGRAPH COMPANY, INC., Respondent.

Barbara Ruth Warner, in pro. per., for Appellant.

John A. Sutro, Pillsbury, Madison & Sutro, Leslie C. Tupper, John H. Harriman, and Lawler, Felix & Hall for Respondent.

SHINN, P. J.—The complaint herein alleges the following: Pacific Telephone & Telegraph Company, Inc., defendant and respondent herein, publishes in its Central Section of the Los Angeles Extended Area telephone directory, the following: "Warner, Caryl atty, 639 S Spring — TUkr 9171 Woodland Hills Office, 21042 Rios—DIamnd 85761"; immediately below, "Warner, Caryl Mrs. 1600 Westrly Ter — NOrmndy 22011"; and below that, "Warner Caryl Mrs. Warner Caryl atty 21042 Rios Wdlnd Hills — DIamnd 85761." The "Mrs. Caryl Warner" first listed is the divorced wife of Caryl Warner, an attorney; plaintiff, the other Mrs. Caryl Warner listed as having the same address and telephone number as Mr. Warner, is his present wife. The maiden name of the first Mrs. Warner was Jeanne Paula deKolty, and her final decree of divorce from Mr. Warner was entered September 24, 1950. Plaintiff, Barbara Ruth, married Mr. Warner September 28, 1950. In the November, 1949, issue of the telephone directory Jeanne was listed as "Warner, Jeanne re 1600 Westerley Ter NOrmandy 22011" and also as "Warner, Caryl Mrs." with the same address and telephone number. These listings were continued in several editions and in the June, 1952, edition the listings appeared as first herein set forth. Mr. Warner and the present Mrs. Warner from time to time have objected to the listing of Jeanne Warner as "Mrs. Caryl Warner," but the defendant company has refused and still refuses to delete or change the listing.

In five separate causes of action plaintiff seeks damages from the defendant.

It is alleged in the first cause of action that Jeanne Warner intentionally maintains the several listings for the purpose

of hurting plaintiff and to publicly boast wifehood to Caryl Warner for the purpose of establishing a common reputation in the community that she and not plaintiff is the wife of Caryl Warner; that the company is knowingly aiding and abetting her in said purposes; that by reason thereof plaintiff has suffered emotional distress, humiliation, fear, vexation, annoyance, scorn and ridicule as to her marital status, rendering her sick, with recurrent asthma attacks, to her damage in the sum of $10,000. The second cause of action pleads ownership of the title "Mrs. Caryl Warner" and that the aforesaid actions have resulted in injuring and diminishing the prestige and dignity of the title. The third cause of action alleges that plaintiff's name has acquired a secondary meaning by reason of the professional and social standing of Caryl Warner, the prestige and dignity of which are being depreciated. The fourth cause of action pleads an invasion of privacy in that the actions aforesaid depict plaintiff as a party to a bigamous marriage. The fifth cause of action alleges that the defendant company knew, or in the exercise of ordinary care would have known, that its action would subject plaintiff to the harm which she, allegedly, has suffered. Exemplary damages also are sought. Without elaborating upon the allegations of the complaint it may be said that the facts alleged are sufficient to entitle plaintiff to relief consisting of the prevention of the use by Jeanne Warner of the name "Mrs. Caryl Warner," in defendant's directory or otherwise, should it be judicially established that plaintiff is the sole owner of the name in question, and that its use by Jeanne Warner is causing plaintiff detriment and damage as alleged.

The demurrer of defendant to plaintiff's third amended and supplemental complaint was sustained without leave to amend and plaintiff appeals from the ensuing judgment.

■ One ground of defendant's demurrer was that there was a defect of parties defendant in that plaintiff had failed to join as a defendant an indispensable party, viz., Jeanne Paula deKolty Warner. The learned trial judge who sustained the demurrer to the amended and supplemental complaint pointed out that that complaint was deficient in failing to show that Jeanne was the divorced wife of Caryl (an omission which was corrected in the second and third amended complaints), and in his written ruling said: "The court is also of the view that the demurrer upon the ground of a defect of parties defendant is well taken. The defendant is a public

service corporation bound under the law to furnish its services to the public without discrimination, with the correlative right in its patrons to be listed in the directory of its subscribers published by it. Under these circumstances it appears clear that the rights of the so-called stranger would necessarily be affected or involved by this proceeding. Moreover, if the present proceeding should be maintained without her presence as a party, and a judgment rendered therein in favor of plaintiff, it is conceivable that the defendant might be subjected to a suit by the stranger if, in compliance with the judgment rendered herein, it refused to list her name as Mrs. Caryl Warner in future directories published by it. Hence, she is a necessary if not indispensable party. Indeed, if plaintiff sincerely desires to contest the right of the stranger to make use of the name or title of Mrs. Caryl Warner, it would seem that she would insist upon making her a party to this proceeding, for, if plaintiff is damaged by the stranger making use of said name, the mere fact that she might be barred from listing in a telephone directory thereunder would not prevent her from continuing to use the name and being known thereby.'' We agree that there was a defect of parties defendant. ▇▇▇ One whose rights will inevitably be affected by the judgment is an indispensable party.

Section 389, Code of Civil Procedure, provides, in part: ''[W]hen a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order amended and supplemental pleadings,'' etc. ▇▇▇ This requirement is mandatory. (*Ambassador Petroleum Co.* v. *Superior Court*, 208 Cal. 667 [284 P. 445].) It goes to the jurisdiction of the court. (*Hartman Ranch Co.* v. *Associated Oil Co.*, 10 Cal.2d 232, 235 [73 P.2d 1163]; *Bank of Calif.* v. *Superior Court*, 16 Cal.2d 516 [106 P.2d 879]; *Child* v. *State Personnel Board*, 97 Cal.App.2d 467 [218 P.2d 52].)

▇▇▇ As between plaintiff and the telephone company the question is whether plaintiff's rights are being infringed by the listing of which she complains, but this is merely incidental to the basic controversy between plaintiff and Jeanne Warner. Plaintiff cannot prevail unless she establishes that she has the sole right to the use of the name Mrs. Caryl Warner. If she should establish that right, and recover damages, the company would be obliged, for its own protection, to discontinue the objectionable listing. Upon the other hand, if Jeanne Warner, as a divorced wife, has the right to continue the

use of her former husband's name, she has a right to have herself listed in defendant's telephone directory under that name. While the purpose of the present action is to secure a judgment against the telephone company for damages, such a judgment would have the effect of causing Jeanne's present listing to be discontinued. Her rights would necessarily be affected by any judgment that might be rendered in favor of plaintiff. Her use of the name cannot be restricted in any substantial manner without her having had her day in court.

Furthermore, as pointed out by the trial court, if, because of a judgment for damages against it, the company should discontinue Jeanne's listing it might have to defend itself in an action brought by her, in which Barbara Ruth might not be named as a defendant. The possibility of such further litigation was a persuasive reason for requiring Jeanne to be brought in as a defendant in the present action.

Irrespective of the rights of Jeanne that might be affected in the present action, the company has a right to be protected against unnecessary litigation to which it might be subjected. And its claim has added merit because of its neutral position and lack of interest in the contest over the name in question. ■ It was within the discretion of the trial court to insist that Jeanne be made a defendant in order that the duty of the company with respect to the listing of the name be finally settled as between the company and the two claimants. (*Bank of Calif.* v. *Superior Court, supra,* 16 Cal.2d 516; 39 Am.Jur., pp. 955, 956; *Syvertson* v. *Butler,* 3 Cal.App. 345 [85 P. 164].) In the absence of a showing of an abuse of discretion the order should not be disturbed.

■ The courts are not under any duty to try the merits of a controversy piecemeal at the instance of one who is unwilling to seek a complete and final determination. Upon the contrary, they have a duty to broaden the scope of the case in such manner as to avoid a multiplicity of suits and to protect the rights of all persons whose interests might be adversely affected by the judgment.

The company urges defenses which, if valid, would defeat any recovery by plaintiff, even if it should be determined that she has the sole right to the use of the name; but this fact furnished no reason for proceeding with the action after it had been determined that Jeanne Warner was a necessary or an indispensable party. Plaintiff's refusal to name Jeanne Warner as a party defendant deprived the court of jurisdiction to proceed further.

When a court has determined that it is without jurisdiction, further proceedings in the action are idle acts. Although the defendant challenges the sufficiency of the complaint in other respects, it would serve no purpose to discuss the arguments addressed to the other grounds of demurrer.

Although the complaint was amended twice after the court made its original ruling, plaintiff persisted in her refusal to name Jeanne as a defendant. The judgment of dismissal was proper. (*Loock* v. *Pioneer Title Ins. & Trust Co.*, 4 Cal. App.2d 245 [40 P.2d 526].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 10, 1953, and appellant's petition for a hearing by the Supreme Court was denied January 20, 1954. Carter, J., was of the opinion that the petition should be granted.