[No. 15461.    Department One.—June 2, 1894.]

JAMES REDMOND, RESPONDENT, v. HANNAH J. PETERSON, AN INCOMPETENT PERSON, AND LOUIS GOTTSHALL, HER GUARDIAN, ET AL., APPELLANTS.

PARTIES—GUARDIAN OF INCOMPETENT PERSON.—The guardian of an incompetent person is neither a necessary nor a proper party to an action upon a note and mortgage assigned by the incompetent person to the plaintiff.

ID.—SERVICE OF SUMMONS UPON INCOMPETENT PERSON—APPEARANCE OF GENERAL GUARDIAN—JOINT ANSWER—JURISDICTION OF PERSON— AMENDED COMPLAINT.—The rule that the appointment and appearance of guardians ad litem without a personal service of summons upon the incompetent is void, does not apply where the incompetent person appears by a general guardian; but in such case where the incompetent person appears by attorney, and, jointly with the general guardian, files an answer, and goes to trial upon the issues made by the pleadings, a judgment rendered against him is binding as far as any question of personal jurisdiction is concerned, and it is immaterial whether he was brought into the action by an amended complaint rather than by the original, or whether his guardian was wrongfully sued instead of the incompetent person in the original complaint.

APPEAL from judgments of the Superior Court of Alameda County, and from an order denying a motion to set aside the judgments.

The facts are stated in the opinion of the court.

*Edw. A. Holman,* and *Fred V. Wood,* for Appellants.

Plaintiff, having sued Gottshall alone, against whom he had no cause of action, did not state in his original complaint a cause of action, and having sued the wrong party could not cure the error by adding a new defendant. (Pomeroy on Remedial Rights, sec. 420; *Newman* v. *Marvin,* 12 Hun, 236; Bates on Parties, 62; *McMahon* v. *Allen,* 12 How. Pr. 39; 3 Abb. Pr. 89; 1 Hilt. 103; *Dubbers* v. *Goux,* 51 Cal. 153; *Hood* v. *Hood,* 85 N. Y. 561; *Spence* v. *Griswold,* 23 Abb. N. C. 239; *New York State Monitor etc. Assn.* v. *Remington etc. Works,* 89 N. Y. 22; *Davis* v. *Mayor,* 14 N. Y. 506, 527; 67 Am. Dec. 186.) The original complaint against the guardian does not make the incompetent a party, and the court had no

jurisdiction over the appellants. (*Boyd* v. *Dodson*, 66 Cal. 360; *Justice* v. *Ott*, 87 Cal. 530; Code Civ. Proc., sec. 411, subd. 4; *Karr* v. *Parks*, 44 Cal. 46–48; *Emeric* v. *Alvarado*, 64 Cal. 529, 593; *Dubbers* v. *Goux*, 51 Cal. 153; *Scott* v. *Willingham*, 79 Ga. 492.) The guardian has peculiar and limited authority; he is not a trustee of an express trust, and is not placed on the same level with an executor or administrator, and his capacity to sue or be sued is limited. (*Fox* v. *Minor*, 32 Cal. 111; 91 Am. Dec. 566.)

*Shadburne & Herrin, M. C. Barney*, and *R. E. Ragland*, for Respondent.

The judgment should be affirmed, because the defendant Peterson appeared and filed her answer to the amended complaint, and participated in the trial of the cause, thereby giving the court jurisdiction over her, and waiving all defects. (Code Civ. Proc., secs. 416, 1014; *Smith* v. *Curtis*, 7 Cal. 584; *Tyrrell* v. *Baldwin*, 67 Cal. 4; *Matthews* v. *Superior Court*, 70 Cal. 527; *Richardson* v. *Loupe*, 80 Cal. 499; *Ghirardelli* v. *Greene*, 56 Cal. 629; *Lyons* v. *Roach*, 84 Cal. 29; *Sichler* v. *Look*, 93 Cal. 606; *Foote* v. *Richmond*, 42 Cal. 439.)

*Charles J. Heggerty*, and *William M. Madden*, for Respondent Henderyckx.

The COURT.—Appeal from a judgment against said incompetent, Hannah J. Peterson, in favor of the plaintiff, and from a judgment in favor of the defendant Liberty S. Henderyckx, as executor of R. S. Henderyckx, upon his cross-complaint, against said Peterson, and also from an order denying the motion of said Peterson, by her guardian, to set aside said judgments.

The action was brought by the plaintiff to foreclose a mortgage executed by R. S. Henderyckx (since deceased) to Hannah J. Peterson, to secure a promissory note made by the mortgagor to the mortgagee, and which

note and mortgage were afterwards assigned to the plaintiff.

Afterwards said Peterson purchased the mortgaged premises from Henderyckx, and executed a mortgage thereon to him to secure a part of the purchase money.

After these transactions, and prior to the commencement of this suit, defendant Peterson was adjudged by the superior court "to be a person of unsound mind and an incompetent," and the defendant Gottshall was appointed the guardian of her person and estate.

This action was brought by the plaintiff against "Louis Gottshall, guardian of the estate and person of Hannah J. Peterson, an incompetent, and Liberty S. Henderyckx, executor of the estate of R. S. Henderyckx, deceased," said Peterson not being made a party.

Gottshall demurred, upon the ground that the complaint did not state a cause of action against him as guardian. Thereupon, without any ruling upon the demurrer, or order of court bringing in a new party, the plaintiff amended his complaint, and made the incompetent a party.

To this complaint Gottshall and Peterson filed a general demurrer, which was overruled by the court, and said defendants answered. The executor of Henderyckx answered, and also filed a cross-complaint against Peterson to foreclose the junior mortgage, and Gottshall and Peterson answered the cross-complaint. Findings and judgment went against Peterson, both upon the complaint and cross-complaint, the judgment being entered May 26, 1892.

On May 22, 1893, pursuant to notice previously given, the attorney for Gottshall and Peterson moved the court to set aside the said judgment, upon the following grounds:

"1. That said purported amended complaint was filed herein without the leave or order of this court.

"2. That said purported amended complaint does not constitute an amended complaint in this action.

"3. That said Hannah J. Peterson, an incompetent,

was never made a party to this action by any order of this court or otherwise; and,

" 4. That said purported amended complaint does not constitute a cause of action as to said Hannah J. Peterson, an incompetent."

This motion was overruled, and a bill of exceptions taken in which the grounds of the motion above recited are set out, and the statement is also made that "in support of said motion said defendant introduced in evidence the papers, files, records, and proceedings in this action," and an affidavit that no order was made or entered permitting the plaintiff to file an amended complaint, or to make said Peterson a party, and that said amended complaint was filed, and said Peterson made a party without any order or leave of the court. Said motion was denied. None of the "papers, files, records, and proceedings" in the action are set out in the bill of exceptions, and no other evidence for or against the motion was given, except the affidavit above mentioned.

Neither the findings nor the judgment recite, or allude to, the service of process upon any of the defendants, but both state that the defendants appeared by their respective attorneys, naming the attorneys of each. That no cause of action existed against the guardian, from whom alone a recovery was sought in the original complaint, there is no question whatever. He was neither a necessary nor a proper party to the action. In *Emeric* v. *Alvarado*, 64 Cal. 593, in speaking of infants, the court said: "The guardian is to appear for them, and is no more a party to the action than the attorney who appears in an action for one who has attained his majority is a party to the suit in which he enters his appearance." That no order was made permitting or directing a new party to be brought in, and the complaint amended by adding the sole party liable, is sufficiently clear upon the record. Nor does it appear upon the record that any process was served upon the incompetent, either before or after the amended complaint was filed, but it does appear that Peterson, the incom-

petent person, appeared by attorney, and jointly with her guardian filed an answer to the amended complaint.

Under the foregoing facts the question is: Did the court have jurisdiction over the defendant Peterson, who was alleged in the complaint and found by the court to have been "a person of unsound mind and incompetent?" And the solution of this question depends solely upon the fact as to whether or not a general guardian of an incompetent, or infant, defendant has the power to appear in an action without service of summons upon the ward.    It has been held by this court in several cases that the appointment and appearance of guardians *ad litem,* without a personal service of summons upon the incompetent, was void. (*Gray* v. *Palmer,* 9 Cal. 638; *Johnston* v. *San Francisco Savings Union,* 63 Cal. 554; *McCloskey* v. *Sweeney,* 66 Cal. 53.) It is very apparent in these cases that such of necessity must be the law, for the court has no authority to appoint a guardian *ad litem,* until the personal service upon the infant or incompetent has first been made. But the rule in this state as to general guardians is not in line with the foregoing cases. In *Smith* v. *McDonald,* 42 Cal. 484, it is declared a rule of property that a general guardian has the power to waive a personal service upon the ward in the following explicit terms: "Under such circumstances it has risen to the importance of a rule of property, and even though it were conclusively shown to have been, as an exposition of the statute it attempted to construe, incorrect at the outset, I think it nevertheless our duty to maintain it now, and not permit it to be disturbed. If its operation for eight years in practice has shown it to have unnecessarily facilitated the despoliation of the estate of infants, it certainly is not for us to abrogate it for such a reason." The doctrine here enunciated has been followed in various cases since that time, and if, when *Smith* v. *McDonald,* 42 Cal. 484, was decided, the principle had then become a rule of property, it is certainly impregnable to attack at the

present day. Its overthrow would result in disaster and ruin to many innocent holders of real estate, who have purchased upon their counsel's advice that such was the law.

Having arrived at the foregoing conclusion, the case presents itself exactly as though a party were here attacking a judgment rendered against him by a court having jurisdiction of the subject matter of the action, where he had voluntarily appeared, filed an answer to the merits of the complaint, and gone to trial upon the issues made by his pleading. We do not see how the fact that he was brought into the action by an amended complaint, rather than by the original, is now material, nor is it material that the first defendant sued was wrongly sued, and that he, the incompetent, alone was the only proper party to the action. It is sufficient to say to all his present complaints in this direction, that he voluntarily came into court and submitted himself to its jurisdiction for all purposes. A judgment rendered against him under these circumstances is beyond all doubt binding, and in full force and effect as far as any question of personal jurisdiction is concerned.

The judgments and order appealed from are affirmed.