[No. 18400.   Department One.—March 6, 1895.]

CHARLES F. McDERMOT, APPELLANT, v. ELLA G. BARTON ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGE — JURISDICTION — SALE BY COMMISSIONER— PLEADING—PRAYER OF COMPLAINT.—The court has jurisdiction in an action to foreclose a mortgage to order a sale of the mortgaged property by a commissioner, although the prayer of the complaint follows the usual form and asks for a sale of the mortgaged property by the sheriff, the essence of the prayer being only for a judicial sale.

ID.—VARIANCE BETWEEN DECREE AND ORDER APPOINTING COMMISSIONER— AMENDMENT.—The fact that the decree as entered by the court ordered the encumbered property to be sold by the sheriff, while an order made and entered on the same day appointed a commissioner to discharge the same duty, is an oversight of the court, not calling for an appeal, and may be remedied at any time by a simple motion to amend and correct the decree by striking out the word "sheriff," and inserting "commissioner," wherever they occur in the decree.

ID.—CONSTITUTIONAL LAW—POWER TO APPOINT COMMISSIONERS—UNIFORMITY OF LAW.—Section 726 of the Code of Civil Procedure, conferring upon the court authority to appoint commissioners to sell mortgaged

property, is not in violation of the fifth section of article XI of the constitution, requiring that the duties of a sheriff shall be prescribed by general and uniform laws.

ID.—Duties of Sheriff.—It is no part of the duty of a sheriff, as such, in the absence of statutory provision, to sell property under a sale in foreclosure, and he has no duty to perform in case of sale of real property under foreclosure, where the court appoints a commissioner to make such sale by authority of law.

ID.—Authority of Court in Foreclosure Cases—Discretion.—In cases of foreclosure of mortgages the court is authorized to appoint a commissioner to sell the encumbered property, in every case, at its discretion.

Appeal from an order of the Superior Court of Fresno County, appointing a commissioner to sell mortgaged property.

The facts are stated in the opinion.

*George W. Towle, Jr.,* for Appellant.

*L. L. Cory, George E. Church,* and *Frank H. Short,* for Respondents.

Searls, C.—This is an action for the foreclosure of a mortgage.

The cause was tried by the court, written findings signed, dated June 2, 1894, ordering a decree of foreclosure and sale of the mortgaged property.

A decree of foreclosure ordering, among other things, a sale of the mortgaged property by the sheriff of the county of Fresno (the county in which the action was pending and in which the mortgaged property was situate) was signed by the judge of the court and is dated June 2, 1894.

The findings and decree were not filed until June 16, 1894, and, it appears, although dated June 2d, were not in fact signed until June 16, 1894.

On the sixteenth day of June, 1894, the findings and decree were filed, and also an order appointing J. F. Church as a commissioner to sell the mortgaged premises in the manner provided by law for a sale of like property by a sheriff upon execution, etc.

The order recites as follows: "This being the day and hour set for presentment to the court of the findings and decree herein, for its examination and signature, due notice of the same having been given to all the attorneys for the defendants, the same were duly presented to the court, and after examination the court, being fully advised in the premises and satisfied of the correctness thereof, and no objection being raised by any of the attorneys for the defendants, now signs and files the findings and decree herein, and it is hereby ordered," etc. Then follows the order above mentioned appointing a commissioner.

Plaintiff in the foreclosure suit appeals from the order appointing a commissioner to sell the mortgaged property.

No objection is made to the form of the order appointing a commissioner.

Section 726 of the Code of Civil Procedure, as amended in 1893, provides that: "The court may, by its judgment, or at any time after judgment, appoint a commissioner to sell the encumbered property."

The subsequent portion of the same section provides that the commissioner, when appointed, shall possess the powers and be subject to the duties of sheriffs in like cases.

The next section provides the mode in which the commissioner shall qualify, and his compensation, which shall not exceed ten dollars.

The objections urged against the action of the court below by the learned counsel for the appellant are not deemed tenable.

It is true the prayer of his complaint follows the usual form and asks for a sale of the mortgaged property by the sheriff.

The essence of such a prayer is an invocation of a *judicial sale*. The method of its consummation, so long as pursued within the power conferred upon the court, is of no moment; and had the prayer of the complaint been silent as to the officer by whom the sale asked

for was to be made it would have been equally efficacious.

So, too, the fact that the decree as entered by the court ordered the encumbered property to be sold by the sheriff, while the order made and entered on the same day appointed a commissioner to discharge the same duty, was but an oversight of the court below not calling for an appeal, but which might have been remedied, and, as the record furnishes all the information requisite, may be at any time remedied, by a simple motion to amend and correct the decree by striking out the word "sheriff" and inserting "commissioner," wherever they occur in such decree.

The fifth section of article XI of the constitution of the state of California is not violated by section 726 of the Code of Civil Procedure, conferring upon the court authority to appoint commissioners to sell mortgaged property.

The section of the constitution cited provides that the legislature, by general and uniform laws, shall provide for the election or appointment in the several counties of certain county officers, among which a sheriff is designated, "and shall prescribe their duties and fix their terms of office."

It will be observed that the constitution does not fix the duties of the sheriff, but wisely leaves to the legislature the power so to do.

Section 726 of the Code of Civil Procedure has so modified the same section as it stood prior to 1893, and other sections defining the duties of sheriff, that he has no duty to perform in a case of sale of real property under foreclosure, where the court appoints a commissioner to make such sale.

Under the former chancery practice in England and the United States it was usual to appoint a master in chancery or commissioner to make all sales of real property, and in the federal courts it is to this day the usual practice to sell mortgaged premises under decrees of foreclosure under and by direction of the marshal of the

district, or by a master appointed by the court, as the decree may direct.

It is no part of the duty of a sheriff, as such, and in the absence of statutory provision, to sell property under a sale in foreclosure.

In a spirit of economy, as we may suppose, the legislature has provided for the appointment of a commissioner to conduct foreclosure sales, after the manner of the former chancery practice, in those cases where the court shall deem it proper so to do.

Neither the law nor the constitution is violated thereby.

The case of *Bruner* v. *Superior Court*, 92 Cal. 239, cited by appellant, has no application here.

In that case the Political Code, section 4192, provided for the appointment of an elisor in certain enumerated cases, of which the case in hand was held not to be one, and hence that the appointment was invalid.

In cases of foreclosure of mortgages the court is authorized to appoint a commissioner to sell the encumbered property, in *every case*, at its discretion.

The order appealed from should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.