[S. F. No. 1955.    Deparment Two.—April 28, 1900.]

GEORGE G. TAYLOR et al., Respondents, v. ARNOLD EL-
LENBERGER et al., Appellants.

FORECLOSURE OF MORTGAGES — MATURITY — DEFAULT OF INTEREST FOR
THREE MONTHS—INSANITY OF MORTGAGOR—PERIOD NOT EXTENDED.—
An action for the foreclosure of three mortgages, one of
which was mature, and the other two claimed to be due six
days before the commencement of the action, at the option of
the mortgagee, by reason of a default of three months in the
payment of quarterly interest provided for in the mortgages,
cannot be rendered premature as to the two mortgages by
an addition to the three months' period of a period of five days'
notice given of an application for guardianship of the mort-
gagor as an insane person, and of a further period of one week
between the adjudication of his insanity and the issuance of
the letters to his guardian, where it appears that one month
of the three months period still remained after the issuance of
the letters, and no offer was seasonably made by the guardian
to pay the interest due, and the jurisdiction of equity was not
invoked by him to be relieved from the penalty of its nonpay-
ment.

ID.—SEPARATE MORTGAGES UPON REAL AND PERSONAL PROPERTY—AGGRE-
GATE FORECLOSURE ERRONEOUS—SEPARATE ORDERS OF SALE REQUIRED.
Where two of the mortgages foreclosed were upon the same
real estate, and the third mortgage was of personal property
only, it is erroneous to make an aggregate foreclosure of the
three mortgages. The real and personal property should be
ordered to be sold separately for the amount ascertained to
be due upon each.

ID.—APPORTIONMENT OF ATTORNEYS' FEES—LIEN ONLY PROVIDED FOR IN
CHATTEL MORTGAGE—GENERAL ALLOWANCE.—Where the real estate
mortgages did not make the attorneys' fees a lien upon the
realty, and the only lien provided for was in the chattel mort-
gage, the fees should be apportioned, and the amount due
upon the chattel mortgage separately ascertained and mad:-
a lien upon the personal property mortgaged. A general al-
lowance of attorneys' fees cannot properly be made a lien upon
any of the property; and an aggregate order of sale making the
attorneys' fees payable out of the proceeds of the sale is er-
roneous.

ID.—APPORTIONMENT OF INSURANCE—DEDUCTION OF EXCESS.—The amount
allowed to the mortgagee for insurance paid upon the real and.
personal property should be properly apportioned between them,
after deducting an excess in the allowance.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. W. G. Lorigan, Judge.

The action was brought November 16, 1898. The three several mortgage notes were each dated May 10, 1897, the first payable in one year from its date, the second in two years, and the third in three years. Each note provided for payment of interest quarterly, and that "if any interest on this note be not paid within three months after it becomes due, then the whole of the principal and interest shall, at the option of the payees, become and be immediately due and payable." The interest was paid on each note for one year from its date, and no further interest was paid. The quarterly installment due August 10, 1898, on the two mortgages not yet mature, had run for three months in default November 10, 1898, six days prior to the commencement of the action. Further facts are stated in the opinion of the court.

John B. Kerwin, for Appellants.

Laches or delay cannot be attributed to insane persons. (Sheldon on Lunatics, 404; *Dodge v. Cole*, 97 Ill. 349; 37 Am. Rep. 111; *Baldwin v. New York Life Ins. Co.*, 3 Bosw. 530; *Howell v. Knickerbocker Life Ins. Co.*, 44 N. Y. 276; 4 Am. Rep. 765.) Equity will relieve against all penalties and forfeitures not willful, where it can be done with safety to the other party. (*Rose v. Rose*, Amb. 332; 2 White and Tudor's Leading Cases in Equity, 4th ed., 1105, note to *Stowan v. Walter; Harris v. Troup*, 8 Paige, 423.) The judgment is excessive and erroneous. The attorneys' fees and insurance should have been properly apportioned; and the judgment should be personal only where no lien is expressly given. (*Irvine v. Perry*, 119 Cal. 352; *Klokke v. Escailler*, 124 Cal. 297.)

H. F. Dusing, for Respondents.

The insanity of an obligor is not an excuse for his failure to make payment. (*Wheeler v. Connecticut Mut. Life Ins. Co.*, 82 N. Y. 545; 37 Am. Rep. 594; *Klein v. New York Life Ins. Co.*, 104 U. S. 88.) The complaint stated a cause of action, and the

objection that the action was prematurely brought was not set up in the answer, and is not available. (*Powell v. Ross,* 4 Cal. 197; *Fiore v. Ladd,* 29 Or. 528; 1 Ency. of Pl. & Pr. 22, 32; *Carter v. Turner,* 2 Head, 52; *Midland Ry. Co. v. Stevenson,* 6 Ind. App. 207; *Pacific etc. Ins. Co. v. Shephardson,* 77 Cal. 345; *Collelle v. Weed,* 68 Wis. 428; 60 Am. Rep. 854; *Smith v. Holmes,* 19 N. Y. 271; *Jones v. Tonawanda,* 55 N.Y. Supp. 115.) No payment was tendered and no relief in equity sought by the guardian of the mortgagor. The judgment should not be reversed, but only modified, if there is an error as to attorneys' fees or insurance. (*Yndart v. Den,* 116 Cal. 533; 58 Am. St. Rep. 200; *Janes v. Bullard,* 107 Cal. 130.)

SMITH, C.—Action for the foreclosure of three mortgages—two on the same real estate, the other on personal property. Judgment was rendered, generally, for the aggregate of the sums due on the three mortgages, and for the sale of the mortgaged property, "or so much thereof as may be sufficient to raise the amount due to the plaintiffs," etc. The appeal is from the judgment and from an order denying a new trial; but the record contains no statement on the motion. The first of the mortgages sued on was overdue when the suit was brought; the others, it was claimed, had become due, under the provisions of the mortgages, for default in the payment of interest for three months after the same became due. There was included in the judgment two hundred and fifty dollars, allowed as attorney's fee, and one hundred and sixty-five dollars and fifty-five cents allowed for insurance.

1. The action was brought six days after the expiration of the three months allowed for default. But it appears from the allegations of the complaint and the findings that the mortgagor was adjudged insane September 30, 1898, and letters of guardianship issued October 7, 1898; and it is claimed by the appellant's attorney that the period of seven days elapsing between the date of the order and the qualification of the guardian should be added to the period allowed for default, and also the additional period of five days preceding the adjudication—being the time required for notice. But we know of no principle on which this contention can be sustained. The authorities relied on by appellants' counsel all refer to the jurisdiction of

equity to relieve against penalties and forfeitures. Possibly had this jurisdiction been invoked, and an offer to pay the interest seasonably made, the defense might have been sustained; but as the case stands the authorities cited have no application.

2. The judgment, however, is erroneous in other respects. A general judgment for the aggregate of the amounts due on the three mortgages, and for the sale of both the real and personal property, as though covered by one mortgage, was unauthorized. There was no lien upon the personal property for the amounts due on the first two mortgages, or upon the real property for the amount due on the chattel mortgage; and there should be separate sales of the real and personal property, each for the amounts due upon it. The provision in the judgment for the payment of the attorney's fee out of the proceeds of the sale was also erroneous. There was no provision in the first or second mortgage making the attorneys' fees allowed a lien upon the mortgaged property; and, as the allowance of attorney's fee is general, it should not have been made a lien upon any of the property. (*Klokke v. Escailler,* 124 Cal. 297; *Irvine v. Perry,* 119 Cal. 352.) Also the amount allowed for insurance was twenty dollars and five cents in excess of the amount actually paid.

The order denying a new trial should be affirmed. The judgment should be modified as above indicated, and to that end the cause remanded to the superior court with directions to that court to modify its judgment by adjudicating separately the amounts due on the real estate described in the first two mortgages and those due on the chattel mortgage, and directing the sale of said real estate and personal property separately, each for the amount due on it. In carrying out this provision the amounts due for attorneys' fees on the real estate mortgages, and the amount due upon the chattel mortgage should be separately determined and the latter only made a lien upon the property mortgaged. The amount allowed for insurance, after deducting the excess of twenty dollars and five cents, should be apportioned, to the second mortgage one hundred and thirty-seven dollars, and to the chattel mortgage ten dollars, allowing interest at legal rates, on the former from October 14, 1898, and on the latter from May 10, 1898; and as so modified the

judgment should stand affirmed.   The costs of this appeal are
to be borne by the respondent.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order deny-
ing a new trial is affirmed, and the cause is remanded with
directions to modify the judgment in accordance with this
opinion, and as so modified the judgment stands affirmed.

Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.