## TAYLOR et al. v. ELLENBERGER et al.*

### S. F. No. 2476; July 16, 1901.

65 Pac. 832.

**Mortgage Foreclosure—Modification on Appeal—Restitution.—** Code of Civil Procedure, section 957, provides that when a judgment is reversed or modified the appellate court may make restitution of all property lost by the erroneous judgment or order, so far as such restitution is consistent with the protection of a purchaser of property at a sale ordered by the judgment. The supreme court directed a superior court to modify a judgment of foreclosure for the sale of personalty and realty by ordering a separate sale of each, which modified decree was entered after the real estate had been sold. Held,

---

*For subsequent opinion in bank, see 134 Cal. 31, 66 Pac. 4.

that the direction for the restitution of the property being discretionary, such sale would not be set aside, in the absence of any showing that the mortgagors had been injured by the sale, and that the proceeds were insufficient to pay the real estate mortgage.

**Mortgage Foreclosure—Appeal.—A Contention That an Order of Sale** directed to be executed by the sheriff was void where performed by a commissioner will not be considered on appeal, the question not having been raised in the lower court.

**Mortgage Foreclosure—Irregularity in Order.—Under Code of Civil Procedure,** section 726, as amended in 1893, providing that a commissioner, when appointed to conduct a foreclosure sale, shall possess the powers and be subject to the duties of sheriffs in like cases, a sale conducted by a commissioner is not vitiated by the fact that the order of sale was directed to the sheriff, the direction to the sheriff being a harmless irregularity.

**Mortgage Foreclosure.—Where the Supreme Court Ordered a Judgment Modified,** a contention that the judgment, as modified, was erroneous, in that the trial court did not amend the findings, is without merit, since the supreme court cannot modify a judgment if it is necessary to amend the findings to support it, the findings not being in the control of such tribunal.

**Mortgage Foreclosure.—Where the Commissioner's Deed and Demand** for the premises had been presented to the general guardian of an incompetent, who was the owner of the premises, the demand was sufficient, without being made on the incompetent, and a writ of assistance will not be set aside for improper service.

APPEALS from Superior Court, Santa Clara County; W. G. Lorigan, Judge.

Action by George G. Taylor and others against Arnold Ellenberger and others. From an order denying defendants' motion to set aside and vacate the sale of the mortgaged premises described in plaintiffs' complaint, from the modified judgment entered in accordance with the directions of the supreme court, and from the order granting plaintiffs' motion for a writ of assistance, the defendants prosecute three appeals. Judgment corrected and affirmed.

John B. Kerwin for appellants; H. F. Dusing for respondents.

CHIPMAN, C.—There are three appeals in this case: First, from an order denying defendants' motion "to set aside and vacate the sale of the mortgaged premises de-

scribed in plaintiffs' complaint" (this motion is made on the ground that on a former appeal of the case to this court [128 Cal. 411, 60 Pac. 1034] the judgment of foreclosure was modified by directing a different sale from that provided in the original judgment, namely, a separate sale of the real and personal property) ; second, from the modified judgment; and, third, from the order granting plaintiffs' motion for a writ of assistance. By stipulation the three appeals are included in, and to be heard upon, one transcript.

The original decree of foreclosure was entered February 27, 1899, and sale thereunder was ordered to be made by a commissioner named in the decree May 24, 1899, and he made the sale on July 1, 1899, in accordance with the order, and on July 3, 1900, he executed and delivered his deed to plaintiffs, as purchasers at the sale. It does not appear at what date the first appeal was taken, but it does appear that no stay bond was given, and hence there was nothing to prevent the sale from taking place. On the twenty-eighth day of April, 1900, the decision of this court was filed, directing certain modifications of the amount found to be due on the mortgage debt, and also further modifying the decree by directing the trial court to "adjudicate separately the amounts due on the real estate described in the first two mortgages and those due on the chattel mortgage, and directing the sale of said real estate and personal property separately, each for the amount due on it. . . . . And, as so modified, the judgment should stand affirmed." The modified decree was entered June 20, 1900. The real estate, however, had already been sold, and was purchased by plaintiffs, as above stated, but the personal property was not sold. It is this sale which defendants seek to set aside by their first motion. Defendants have shown no injury resulting to them from the sale. The restitution which the court may make under section 957 of the Code of Civil Procedure, when the judgment or order is reversed or modified, is not mandatory, but rests in the discretion of the court: Yndart v. Den, 125 Cal. 85, 57 Pac. 761. The only showing made by defendants in support of the motion was that this court had modified the original decree; but no facts are set forth in the affidavit, nor does anything elsewhere appear, from which it can be seen that any injury has come to defendants by the sale, or that they would be

benefited by setting it aside. Some question is raised as to whether the lower court modified the original decree as directed, but, conceding that in some respects the modified judgment does not conform strictly to the directions given by this court, the fact cannot avail defendants on this motion, without it is made to appear that the judgment, when modified as is claimed by defendants it should be, would entitle them to have the sale set aside. No such showing is made. There is no pretense that the real property which was sold failed to bring its full value, or that there was any unfairness in the sale, or that on resale it would bring more than it sold for at the first sale. Nor does it appear that in selling the real property to pay the entire judgment, including the note secured by the chattel mortgage, the price paid was sufficient to pay the real estate mortgages in full. Unless the proceeds of this sale were applied in part payment also of the chattel mortgage, we cannot see that defendants suffered injury, even though it was error, as was held here on the first appeal, to sell the real property in order to pay the judgment, which in fact included the chattel mortgage debt. The facts show that the amount realized from the sale of the real estate was less than the amount due on the real estate mortgages. Defendants have not brought themselves within the principles laid down in Barnhart v. Edwards, 128 Cal. 572, 61 Pac. 176, and cases there cited, and are not entitled to have the sale set aside. It is further claimed that the order of sale is directed to the sheriff, and as it was not executed by that officer, but by a commissioner, the sale is void and should be set aside. This was not made a ground of defendants' motion to vacate the sale, and is presented here for the first time. But, aside from this fact, the decree directed the sale to be made by a commissioner who was named therein, and the decree was copied in the body of the order of sale and formed part of it, thus plainly showing that the order of the court was intended to be executed by the commissioner, as in fact it was; and his authority to act is found in section 726 of the Code of Civil Procedure, as amended in 1893. The code provides that the commissioner, when appointed, shall possess the powers and be subject to the duties of sheriffs in like cases. At most, the

direction of the order of sale to the sheriff was a harmless irregularity: McDermot v. Barton, 106 Cal. 194, 39 Pac. 538.

2. Concerning the modified judgment, which is claimed to be excessive, we can discover no error, except that in the attorney's fee allowed on the chattel mortgage, which should not exceed twenty-five per cent of the amount due at the date of the original judgment, which would be $66.55, instead of $75, as stated in the modified judgment. Defendants make the point that the modified judgment must be reversed because the trial court did not amend the findings, and therefore the modified decree is without support. This court did not direct any amendment of findings. Indeed, if any amendment had been necessary to the modifications, the judgment would have been reversed, and not modified. This court does not direct amendments of judgments where they would conflict with the findings. It can neither make findings nor amend findings.

3. Inasmuch as the sale cannot be set aside, plaintiffs had an undoubted right to a writ of assistance on proper proceedings. No question is raised as to the regularity of the steps taken, except that it is claimed that the commissioner's deed and demand were not served on Arnold Ellenberger, the incompetent, who was the owner of the real property described in the deed. It appeared in the affidavit served with the notice of the application for the writ that one E. Ellenberger was the guardian of the person and estate of Arnold Ellenberger, an incompetent person, and that the said guardian was in possession of the premises, and that George G. Taylor, one of the plaintiffs, presented to the said guardian, both as guardian and individually, the commissioner's deed, and demanded of him possession of the premises. E. Ellenberger appeared and answered in the action as general guardian throughout all the proceedings. It was early determined by this court that a general guardian may appear in an action for his ward without personal service first made on the latter: Redmond v. Peterson, 102 Cal. 595, 41 Am. St. Rep. 204, 36 Pac. 923, and cases cited. At the hearing of the motion for the writ, counsel "appeared specially for defendants." The motion was heard on the showing made by plaintiffs, and the writ was ordered after argument of counsel on both sides. We think the writ was prop-

erly granted. The modified judgment should be corrected in the particular pointed out, and, when so corrected, should, with the orders, be affirmed.

We concur: Cooper, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the trial court is directed to correct the modified judgment by allowing $66.55 attorney's fee on the chattel mortgage note, instead of $75; and thus corrected it is affirmed, as are also the orders appealed from.