[S. F. No. 2746.   In Bank. — August 16, 1901.]

## GEORGE G. TAYLOR, Respondent, v. ARNOLD ELLEN-BERGER, Appellant.

FORECLOSURE OF MORTGAGE — SALE OF REAL PROPERTY PURSUANT TO DE-CREE — WRIT OF ASSISTANCE. — Where a sale of real property has been regularly made pursuant to the decree in an action foreclosing a mortgage thereupon, it should not be set aside; and a writ of assistance is properly issued to place the purchaser at the foreclosure sale in possession of the mortgaged premises after the time for redemption has expired.

ID. — REAL AND PERSONAL PROPERTY MORTGAGES — SEPARATE SALES — MODIFIED JUDGMENT — EXCESSIVE INTEREST. — Where this court directed that the amounts due on real and personal property mortgages, included in the same action, be separately adjudicated, and separate sales ordered, for a proper application of the proceeds, in modifying the judgment under such direction it was excessive to compute conventional interest to the date of the modified decree. The proper apportionment should be of the amounts separately found due on the different mortgages at the date of the original decree, with legal interest from that date to the dates of the respective sales, and such amounts are to be credited as of the dates of the sales, with the net proceeds thereof, to ascertain the proper deficiencies.

APPEAL from a judgment of the Superior Court of Santa Clara County and from orders refusing to set aside a sale of real property and granting a writ of assistance. W. G. Lorigan, Judge rendering original and modified judgments. A. L. Rhodes, Judge refusing to set aside sale and granting writ of assistance.

The facts are stated in the opinion of the court.

John B. Kerwin, for Appellant.

H. F. Dusing, for Respondent.

BEATTY, C. J. — Upon a former appeal this case was remanded, with directions to modify the judgment by adjudicating separately the amounts separately secured by the real estate and personal property mortgages, and by ordering separate sales for the purpose of a proper application of the proceeds, and by deducting a certain sum erroneously found due on account of insurance. (*Taylor* v. *Ellenberger*, 128 Cal. 411.)

The present appeals are,— 1. From an order denying defendant's motion to set aside the sale of the real property, which had been duly made in pursuance of the original decree; 2. From the judgment as modified; and 3. From an order for a writ of assistance.

There was no error in refusing to vacate the sale of the real property, which had been regularly made in pursuance of the decree. Nor was there any error in issuing the writ of assistance to place the purchaser at the foreclosure sale in possession of the mortgaged premises after the time for redemption had expired. Those orders are therefore affirmed.

But the modified judgment is erroneous and excessive. Instead of making a proper apportionment of the amounts separately due on the different mortgages at the date of the original decree, and crediting the amount found to be secured by the real estate mortgage with the net proceeds of the sale of the mortgaged premises, and then entering the proper deficiency judgment as of the date of the return of the sale, the court, for the purpose of ascertaining the amount due, went back to the date when the mortgagor made default in the payment of interest, and added to the principal of his debt, interest at the conventional rate down to the date of the modified decree. This was erroneous, for more reasons than one. The rate of interest stipulated in the notes was eight per cent per annum, compounded quarterly, and that rate stopped at the date of the original decree, after which the judgment bore only seven per cent simple interest. Besides the excess resulting from this excessive rate at which the interest was computed, a still larger excess in the judgment results from the neglect to credit the proceeds of the foreclosure sale, which took place nearly a year before the date of the modified judgment. The result of this error is, that the defendant has been charged with interest upon about two thousand four hundred dollars, at eight per cent, compounded quarterly, for eleven months after it was paid.

For these reasons the cause must be again remanded for a proper modification of the judgment. In making this modification the conventional rate of interest is to be allowed only to the date of the original decree; after that, till the date of the respective sales, the sums found to be secured on the separate mortgages bear interest at seven per cent, and are to be cred-

ited, as of the dates of the sales, with the net proceeds of the sales after deducting the accruing costs and expenses. These deductions made, the proper deficiencies will be ascertained.

The attorney's fee for foreclosing the chattel mortgage cannot exceed $66.55, and it is to be understood that the deduction of $20.05 on account of insurance is still to be made as originally directed.

It is ordered that the cause be remanded to the trial court, with directions to modify the judgment as above indicated.

McFarland, J., Harrison, J., Van Dyke, J., and Temple, J., concurred.