[Civ. No. 6105. First Appellate District, Division One.—January 17, 1928.]

OCEAN ACCIDENT AND GUARANTEE CORPORA-
TION (a Corporation), Petitioner, v. INDUSTRIAL
ACCIDENT COMMISSION et al., Respondents.

R. P. Wisecarver and Redman & Alexander for Petitioner.

G. C. Faulkner for Respondents.

CASHIN, J.—*Certiorari* to review an award by the Industrial Accident Commission.

Frank I. Brazel, now deceased, was the son of Patrick Brazel, who applied to the Commission for the adjustment of a claim for compensation based upon the fact that the death of the deceased was caused by an accidental injury arising out of and in the course of his employment. The deceased was employed as the driver of a delivery truck, and at the time of the injury was engaged in the delivery of parcels for Raphael Weill & Co., the insured, under an agreement between the latter and William Froehlich, who was also joined as a defendant. An award was made by respondent in favor of the applicant and against the insured; and it is contended by petitioner, which was the insurer, that Froehlich was a joint employer of the deceased, that the award should also have been against him, and further, that the applicant was not a dependent.

By the terms of the agreement mentioned Froehlich leased to the insured certain trucks which were used for delivery purposes, one of which was being driven by the deceased at the time of the injury which caused his death. The agreement provided for the payment to Froehlich of certain lump sums monthly for the use of the trucks and for his services as superintendent of deliveries, from which sums, however, were to be deducted the wages of the drivers and certain other expenses, it being expressly provided ''that the first party (the insured) shall engage all drivers employed to operate the said trucks and shall pay their salaries, and shall have absolute control of the operation of said trucks, and shall designate the routes to be covered ·by the same, and any superintendence or direction undertaken by the second party

(Froehlich) shall be as an agent or employee of the first party and not as an independent contractor." While at the first hearing in the proceeding it was stipulated between the applicant and Froehlich that the latter was the employer of the deceased the Commission was not bound thereby (Workmen's Compensation Insurance Act, sec. 19b) ; and, as now claimed by it, the conclusion that the relation existed was based upon an obvious mistake by the parties, and the provisions of the contract, together with the testimony, fully support the finding that the deceased was employed by the insured and not by Froehlich.

The testimony shows that the wife of the applicant acquired title to a dwelling-house in Oakland, to which, upon her death in 1916, the applicant and his sons Frank and Edward Brazel succeeded. The applicant and his son Frank continued to reside in the dwelling until the year 1925, when they removed therefrom and the house was sold in 1926. With the exception of his interest in the dwelling the applicant was without estate, and this interest was shortly before the sale of the dwelling conveyed by deed of gift to his son Frank. This son during the years following the death of Mrs. Brazel was the sole support of the applicant with the exception that the latter occupied the dwelling as above stated. It further appears that after the death of his son, the appraised value of whose estate was two thousand five hundred dollars, the applicant was allowed by the probate court a monthly sum payable from the estate for his temporary maintenance. The applicant testified that the reason for the transfer of his interest in the dwelling to the deceased was that the latter had supported him; and while it was doubtless the intention of the deceased to do so, the record discloses no promise to furnish future support, nor evidence that the transfer was made in trust.

The facts of the present case are analogous to those in *London Guarantee & Accident Co., Ltd.,* v. *Industrial Acc. Com. et al.,* 203 Cal. 12 [263 Pac. 196], and were sufficient to support the finding of total dependency.

Petitioner also contends that the applicant was an incompetent person at the time the award was made and was not represented in the proceedings by his guardian. The proceedings were commenced on January 29, 1927, and after

the matter had been partially heard the applicant was on April 19, 1927, by the superior court of the city and county of San Francisco adjudged to be an incompetent person. His son Edward Brazel was thereupon appointed and duly qualified as the guardian of his person and estate, and as guardian appeared in the subsequent proceedings before the Commission. The guardian, however, did not thus become a party to the proceeding (*O'Shea* v. *Wilkinson*, 95 Cal. 454 [30 Pac. 588]; *Estate of Callaghan*, 119 Cal. 571 [39 L. R. A. 689, 51 Pac. 860]), and the award was properly entered in favor of the applicant, who, though an incompetent, was bound thereby (*Redmond* v. *Peterson*, 102 Cal. 595 [41 Am. St. Rep. 204, 36 Pac. 923]; *Welsh* v. *Koch*, 4 Cal. App. 571 [88 Pac. 604]).

The reward is affirmed.

Tyler, P. J., and Knight, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 15, 1928.

All the Justices present concurred.