378

MARGARITA BIAGGI, Petitioner, *v.* DISTRICT COURT OF PONCE, ANGEL FIOL NEGRÓN, JUDGE, Respondent; HEIRS OF ANGELINA ESBRÍ WIDOW OF BAUZÁ, Interveners.

No. 1735. Argued February 3, 1948.—Decided March 15, 1948.

*Carlos E. Colón* for petitioner. *Ramón G. Goyco* for interveners, defendants in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The petitioner filed suit against the members of a *sucesión*, including two minors named William Biaggi Soto and Eleanor Biaggi Soto. The latter and their mother were served with process. The mother on behalf of the minors moved to dismiss the complaint for lack of jurisdiction on the ground that the minors could be sued only by making the mother, who had *patria potestas* over them, a formal party to the suit representing the minors. The district court entered an order granting the motion and giving the petitioner fifteen

days to file an amended complaint making the mother a defendant in representation of the minors. The case is here on certiorari to review that order.

■ Two of the Rules of Civil Procedure come into play in this case. The first concerns the method of service of the summons and complaint in a suit against a minor. Rule 4(d) provides that service shall be made " . . . (2) Upon a minor residing within the Island, to such minor, personally, and also to his father, mother, or guardian . . . ". The return shows that service was made here on "William Biaggi and Eleanor Biaggi Soto as well as their mother Genoveva Soto at their residence on Victoria Street in Ponce . . . ". The parties agree that the mother has *patria potestas* over the minors and that she has no interests in conflict with theirs. And as the mother is not a defendant in her own right, the service on her was necessarily pursuant to Rule 4(d)(2), which requires service on both her and the minors when the latter are sued. See *Pacific Coast Joint Stock Land Bank of San Francisco* v. *Clausen et al.,* 65 P. (2) 352 (Calif., 1937). There can therefore be no objection to the service of process in this case. Our holding to this effect is in accord with *Orcasitas* v. *Márquez et al.,* 19 P.R.R. 454; *Vías* v. *Estate of Pérez et al.,* 15 P.R.R. 714; *Díaz* v. *Quiñones, ante,* p. 232. Those cases are in point as Rule 4(d)(2) is in this respect a restatement of § 93 of the Code of Civil Procedure, under which they were decided.

■ The real problem here arises under Rule 17(f). It provides that "When an infant or an insane or incompetent person is a party, he must appear by his father or mother with *patria potestas,* if living, and in default thereof, by his general guardian, or by a guardian *ad litem* appointed by the court in which the action is pending, or by a judge thereof, in each case. A guardian *ad litem* may be appointed in any case, when it is deemed by the court taking cognizance of the matter, or by a judge thereof, that the infant, insane or

incompetent person be represented by such guardian *ad litem,* notwithstanding he may have a general guardian and may have appeared by him.''

Rule 17(*f*) has not changed the rule in this jurisdiction. Just as under § 56 of the Code of Civil Procedure and § 153 of the Civil Code, under Rule 17(*f*) a father or mother with *patria potestas* represents a minor in litigation. It is only when the interests of the child and the parent are conflicting, or if the court deems it convenient, that the child is represented by his general guardian or a guardian *ad litem. Cibes et al.* v. *Santos et al.,* 22 P.R.R. 208; *Agostini* v. *Registrar,* 39 P.R.R. 522; see *Díaz* v. *Quiñones, supra.*

■ As we have seen, the parties agree that the mother is the appropriate person to represent the minors here. The only question is whether the suit was properly brought against the minors or whether, as the district court held, the suit must be brought against the mother as the formal party to the suit, representing the minors.

The cases are contrary to the holding of the lower court. When a minor is a defendant, the suit is against him in his own name. The parent with *patria potestas,* the general guardian or the guardian *ad litem* does not appear as a formal party defendant. The case is against the infant as a party, who appears represented by the parent with *patria potestas,* his general guardian or the guardian *ad litem. Redmond* v. *Peterson,* 102 Cal. 595 (1894); *Keane* v. *Penha,* 173 P. (2) 835 (Calif., 1946); *Ocean Accident & Guarantee Corporation* v. *Industrial Acc. Commission et al.,* 263 P. 823 (Calif., 1928); *Hughes* v. *Quackenbush et al.,* 37 P. (2) 99 (Calif., 1934); *Loock* v. *Pioneer Title Ins. & Trust Co.,* 40 P. (2) 526 (Calif., 1935); *Doyle et al.* v. *Loyd et al.,* 114 P. (2) 398 (Calif., 1941); *Rosenberg* v. *Bricken,* 194 S.W. (2) 60 (Ky., 1946); *Baker et al.* v. *Boyd et al.,* 119 S.W. (2) 524 (Ark., 1938); 13 Cal. Jur. § 38, p. 186, and cases cited; 3 Bancroft's Code

Pleading, § 1534, p. 2528, Form No. 705, pp. 2532–33; 22 Calif. L. Rev. 576.

It is true that in *Góñez* v. *Palmieri*, 50 P.R.R. 439, we held that the district court did not err in overruling the demurrer to the complaint in a filiation case which was entitled "Santos Góñez, in representation of her daughter, Esther Góñez." But we said that (p. 440) "the real party in interest was Esther Góñez and that the mother only appeared to represent her." In other words, despite the defective title, the suit was in substance brought by the minor as required by our statutes and by Rule 17(*f*). See *Yordán* v. *Ríos, ante*, p. 241.

It is significant that we have no rule equivalent to Federal Rule 17(*c*), except for executors, administrators or trustees. As Moore recognizes, in a number of jurisdictions, including Puerto Rico, under local law a suit involving an infant or an incompetent person must be in his name and not in the name of his representative. 2 Moore's Federal Practice, § 17.18, pp. 2103–5. See *Southern Ohio Sav. Bank & Trust Co.* v. *Guaranty Trust Co. of New York et al.*, 27 F. Supp. 485 (N.Y., 1939); *Horzepa et al.* v. *Dauski*, 40 F. Supp. 476 (N.Y., 1941).

The result we reached in *Lizardi* v. *District Court*, 57 P.R.R. 240, is not inconsistent with our views herein. There we held that a guardian *ad litem* may be appointed in an *ex parte* proceeding and should be appointed prior to the filing of a complaint in which the minor is to appear as a plaintiff. The issue as to whether the minor or the guardian *ad litem* is the formal party plaintiff was not involved in that case.[1]

---

[1] However, we think it appropriate to point out that although, as we held in the *Lizardi* case, a guardian *ad litem* may and ordinarily should be appointed in an *ex parte*, proceeding prior to the filing of a complaint in which the minor is the plaintiff, nevertheless such ". . . a guardian *ad litem* may [also] be appointed after the action is begun." 13 Cal. Jur. § 54, p. 207 (matter in brackets ours); see *Doyle et al.* v. *Loyd et al.*, *supra*. It follows that the paragraph in our opinion in the *Lizardi* case appearing at the bottom of p. 242 and the top of

In the same way, *Agostini* v. *Registrar, supra,* does not lay down a contrary rule. It merely holds that minors were properly represented by their father with *patria potestas* in view of the fact that the latter had no interest conflicting with their interests. The question of whether the formal party to the suit should be the minors or the father was not considered in that case.

As this suit was properly brought against the minors in their own names and as they and their mother were properly served pursuant to Rule 4(*d*), the lower court erred in granting the motion to dismiss as to the minors for lack of jurisdiction.

The order of the district court will be vacated and the case remanded for further proceedings.

p. 243 is inaccurate if it is read as meaning that no guardian *ad litem* may be appointed within the main proceeding after the filing of the complaint by the minor alone as plaintiff. Although it does not affect the result of the *Lizardi* case or the remainder of the opinion, we think it appropriate to clarify this paragraph of the opinion.